Delivered December 19, 1890.

79   171
29a 249

---

### SAMUEL THURMAN V. BLANKENSHIP & BLAKE COMPANY.

#### No. 3052.

1. **Exclusion of Immaterial Testimony.**—It is no ground for reversal that the testimony of a witness was improperly excluded when the record shows the fact sought to be proved by such witness had been established by other testimony.

2. **Declarations of Party.** — Declarations of a defendant made a party only as surety upon the bond declared on are not competent against the other defendants, principals in such bond.

3. **Practice in Supreme Court.**—Where suit was brought upon an appeal bond the absence from the record here of the judgment, in appeal of which the bond was made, will be fatal to a judgment for the plaintiff. (The judgment had been stricken from the statement of facts on motion.)

#### ON MOTION FOR REHEARING.

4. **Rules for Supreme Court — Rule 72a.** — Documents called for but not inserted in the statement of facts when signed by the trial judge must not be inserted by the clerk in making out the transcript. Such matter will be stricken out whenever observed by the court, whether on motion or from information otherwise obtained.

5. **Recitals.** — In suit upon an appeal bond its recital of the judgment appealed from is evidence between the parties of the judgment.

6. **Sale of Attached Property Before Judgment.** — Three attachments were levied upon the same property. The property was sold by order of the court and proceeds held subject to the attachment proceedings. The plaintiffs in attachment each obtained judgment. The aggregate of the two attachments first levied was greater than the sum realized by the sale of the attached property. *Held,* that the third attachment took nothing, and that therefore plaintiff could not recover damages upon the appeal bond.

APPEAL from Marion. Tried below before Hon. John L. Sheppard. The opinions give a statement.

*L. S. Schluter, Geo. T. Todd*, and *J.-H. Culberson*, for appellant.— 1. This being a suit upon an appeal bond, the terms and conditions of which provide that said appellant therein, Blankenship & Blake Company, would prosecute its appeal to effect, and in case the judgment of the appellate court should be against it, the said appellant, that it should perform its judgment, sentence, or decree and pay all such damages as said court might award against it, and said judgment so appealed from having been affirmed by the Supreme Court, said bond was forfeited or breached, and a cause of action accrued in favor of this appellant therein and against the appellee, Blankenship & Blake Company, and its sureties upon its appeal bond.

Said appeal bond being a voluntary obligation and undertaking, appellant herein could maintain his suit thereon and recover for said breach the amount of his said judgment against said Blankenship & Blake Company in the court below, and which was affirmed on appeal. Blankenship & Blake Co. v. Thurman, 68 Texas, 671; Trent v. Rhomberg, 66 Texas, 249; Robinson v. Brinson, 20 Texas, 439.

2.    Appellant (plaintiff below) was entitled to recover on said bond, especially after showing that the prior claims of Bemis and Sedberry had been fully paid off without the application or use of any part of the claimed property for that purpose.    And if at the time of the rendition of the judgments in favor of J. H. Bemis and W. J. Sedberry against appellee, Blankenship & Blake Company (for the value of the property claimed), said original judgments against the firm of Jones, Edgeworth & Sellers had been fully paid off and satisfied out of the corpus of the property left after removing that claimed by Blankenship & Blake Company, then it follows that the judgments subsequently taken by them, the said Bemis and Sedberry, against the appellee, Blankenship & Blake Company, were canceled and discharged, as they could claim but one payment and satisfaction against the firm of Jones, Edgeworth & Sellers; and appellant herein, the next lien holder and attaching creditor, was entitled to recover of appellee the value of property claimed, as shown by appellant's judgment against appellee in the trial of the right of property case between them as described in the appeal bond herein sued on.    And if such payment of said prior claims of Bemis and Sedberry were made by appellee, Blankenship & Blake Company, prior to the rendition of the judgments in favor of said Bemis and said Sedberry against appellee, Blankenship & Blake Company, then such payments were voluntarily made, and discharged and satisfied the judgments of said Bemis and Sedberry against the said Jones, Edgeworth & Sellers; and appellant being the next attaching creditor is entitled to the claimed property or its value, and he was entitled to recover same against appellee herein.

*C. A. Culberson*, for appellee.— 1.  Before considering this feature (the

facts) of the case it is proper to state that a motion has been filed to strike from the statement of facts in the transcript the appeal bond sued on, the judgment of appellant against appellee, the deposition of E. A. Edgeworth, and the written statement of Blankenship & Blake Company rendered to Jones, Edgeworth & Sellers. These papers were copied into the transcript in plain violation of the rules of the court, and it would not be improper to assume that the motion will be sustained. If so, and there is no error in excluding the evidence heretofore noticed, the case must be affirmed, because the appeal bond upon which the action is entirely based is not in the record. The presumption of law is that nothing was proved in the court below except what is properly in the statement of facts, and the appeal bond, which was necessary to support the action, being wanting, the judgment against appellant was properly rendered, regardless of other considerations. Elwell v. Universalist Church, 63 Texas, 220.

2. If, however, the court should overrule said motion and permit the papers to remain a part of the statement of facts, this assignment is without merit. Without repeating it at length, the substantial contention of appellant under this assignment is that the evidence does not support the judgment. No effort will be made to follow the argument under the assignment in detail, but the broad proposition will be presented that the judgment is in all things fully warranted by the facts in evidence, for the following reasons:

The suit is on the appeal bond, and it is alleged that it was breached because appellee has not prosecuted its appeal with effect, and as the judgment of the Supreme Court was against it, it has not performed its judgment, sentence, or decree, and paid all such damages as said court awarded against it. The judgment of the Supreme Court simply affirmed the judgment of the District Court, thus declaring that the appellee should perform the judgment of that court. So much of that judgment as is important here adjudges that "It is therefore considered by the court that this judgment be and the same is rendered and subject to and to be executed and paid after the full payment of any and all amounts which may be due said Bemis by the said Jones, Edgeworth & Sellers upon the judgment of this court rendered foreclosing the attachment lien of said Bemis v. Jones, Edgeworth & Sellers, and also subject to and to be executed and paid after the full payment of any and all amounts which may be due said W. J. Sedberry by the said Jones, Edgeworth & Sellers in his said attachment suit and judgment in this court; and in the event that the value of the property in this cause involved be not sufficient to pay off and settle in full the said judgments and damages of the said Bemis and the said Sedberry against the said Jones, Edgeworth & Sellers, then this judgment shall have no further force and effect in favor of plaintiff and against said defendant and its sureties herein."

Measuring the liability of appellee by this judgment, and recurring to

the statement of the case made in this brief, it is obvious that appellant has no claim against it. The value of the personal property levied on and sold was $5000, the value of the real estate $115, and the value of the lumber claimed $478.09, all of which aggregate the sum of $5593.09. This last sum was the "value of the property in this cause involved," as provided for in the judgment. The amount of Bemis's judgment is $6732, and that of Sedberry $229, aggregating $6961, leaving a balance due Bemis and Sedberry of $1367, besides the cost. The value of the property was not therefore "sufficient to pay off and settle in full the said judgments and damages of the said Bemis and the said Sedberry," and consequently the judgment against appellee is without "further force and effect." Blankenship v. Thurman, 68 Texas, 672.

Bemis, Sedberry, and Thurman each recovered judgment against Blankenship & Blake Company and the sureties on the claim bond for $478.09, and that of Thurman was made subject to the other two. The Blankenship & Blake Company fully paid off the Bemis judgments, according to the testimony of all the witnesses, and having done so, the judgment of Thurman against it for the same property was canceled. In other words, Bemis's claim absorbed the entire property levied on, and to enter judgment against appellee would require Blankenship & Blake Company to pay twice for the lumber delivered to them—once to Bemis and again to Thurman. As stated by the Supreme Court on the former appeal, the judgment "protects the appellant (Blankenship & Blake Company) against a liability to any of the attaching creditors for a sum greater than the estimated value of the property seized, interest thereon, and damages awarded," and having paid such value to the creditor having the prior right thereto, its obligation is fully discharged. Blankenship v. Thurman, 68 Texas, 673.

That the Blankenship & Blake Company purchased the property from Bemis after the sheriff's sale, in an effort to save their debt, and made a business arrangement with their debtors with a view to aiding them to retrieve their losses, which it has performed, does not obligate it to pay the judgment of Thurman.

HENRY, ASSOCIATE JUSTICE.—Appellant, who was plaintiff in the court below, substantially alleged in his petition that he recovered a judgment in the District Court of Marion County against the Blankenship & Blake Company, a corporation, and W. B. Ward and W. T. Atkins as sureties upon the claim bond of said corporation, for the sum of $478.09, with interest; that the parties against whom said judgment was rendered appealed to this court, and executed an appeal bond with J. H. Bemis and C. F. Bemis as their sureties thereon; that said judgment was affirmed by this court against all of said parties (who are the defendants in this suit); that the judgment of the District Court in said cause was rendered, to be

paid only after the full payment of any and all amounts which may be due to J. H. Bemis by Jones, Edgworth & Sellers, and to W. J. Sedberry by the same firm, in their several attachments against said firm in judgment in said court, the said Bemis and Sedberry being prior attaching creditors of said Jones, Edgworth & Sellers; that the said judgments in favor of Bemis and Sedberry had been fully satisfied, and that no part of the property claimed by the Blankenship & Blake Company in the original claim suit with this plaintiff had been applied to the payment of said judgments in favor of said Bemis and Sedberry, but that the said judgment, had been fully satisfied out of the proceeds of the mill property, lumber, etc., of said Jones, Edgworth & Sellers, independently of that portion of said property claimed by the Blankenship & Blake Company in the proceeding in which the judgment aforesaid was rendered for plaintiff.

The petition charges that plaintiff's judgment remains wholly unpaid, and that the conditions of the appeal bond have been broken.

A copy of the appeal bond was attached as an exhibit to the petition, and plaintiff prayed for a judgment for its amount, etc.

It appears from the evidence that the firm of Jones, Edgeworth & Sellers was indebted to Bemis, Sedberry, and Thurman severally, and that each of them had, in the order of priority in which their names are here mentioned, sued out writs of attachment and caused them to be levied upon the same property of their debtors.

The Blankenship & Blake Company made claimant's affidavit and gave bonds to each of the attaching creditors for a trial of the right of property in a certain lot of lumber of the value of $478.09, which was part of the attached property.

On the trial of the right of property cases judgments were rendered against the claimant and its sureties in the cases of Bemis and Sedberry, but the record before us does not now disclose that any judgment was rendered in the trial of the right of property proceeding in favor of appellant.

"The appellant assigns as error the ruling of the court in refusing to permit appellant to prove by the witness J. K. Sellers that the appellee, Blankenship & Blake Company, had made an agreement with J. H. Bemis and the firm of Jones, Edgeworth & Sellers to take, hold, and dispose of all the property of the said Jones, Edgeworth & Sellers, including and comprising that bought by J. H. Bemis at sheriff's sale, and to pay therewith all debts of the said Jones, Edgeworth & Sellers, and that in pursuance of said agreement appellee, Blankenship & Blake Company, did pay off and satisfy in full Bemis's claim against said firm, and through Bemis did also pay Sedberry's claim against said firm, and that afterwards the said appellee, Blankenship & Blake Company, did pay to the firm of Jones, Edgeworth & Sellers something over $1700 in cash as their half of the surplus left after paying said claims of Bemis and Sedberry.".

It is sufficient to dispose of this assignment to say that the payment of the Bemis and Sedberry claims, without consuming any of the property claimed by the Blankenship & Blake Company, was fully established by other evidence, and that in other respects the assignment relates to an issue not made by the pleadings.

The plaintiff offered to prove declarations made by J. H. Bemis, who was made a defendant in this cause only upon the ground of his having signed the appeal bond as a surety, to the effect that the full amount of his debt against Jones, Edgeworth & Sellers had been paid.

Under such circumstances evidence of the declarations of Bemis could not have been properly admitted to bind his codefendants. If the evidence had been admissible, and had been offered and rejected in the form above stated, it still would not have been error for which the judgment should be reversed, as the fact was otherwise fully proved without there being any controversy to the contrary.

The third assignment of error calls in question the correctness of the judgment upon the evidence.

In the absence of proof of a judgment in favor of appellant against the Blankenship & Blake Company no judgment in favor of plaintiff could be rendered, and it is useless to consider the issue as it would have been presented if that fact had been established.

The judgment is affirmed.

*Affirmed.*

Delivered November 28, 1890.

Counsel for appellant filed an application for rehearing for the following reasons, to-wit:

1. Because the court erred in finding that the record did not disclose the fact that appellant had and held any judgment against appellee, Blankenship & Blake Company, when in truth and in fact the record does embrace said judgment in full. While it is true that this same judgment was stricken out of the record on motion of counsel for appellee, yet said judgment as stricken out on said motion was so stricken out of the record as part of the testimony offered by appellee upon the trial of said cause, and the motion of appellee to so strike out referred to the judgment as shown by transcript, and was the judgment offered by appellee in the court below; and the motion did not refer to the judgment offered in evidence by appellant, as shown by said motion and the record in this case. By an examination of the transcript it will be seen that the judgment offered by appellant was duly and properly entered into the statement of facts. Afterwards the appellee also offered same judgment in evidence, and the clerk inserted said judgment a second time; and the motion of counsel for appellee specifies the judgment which he seeks to have stricken

from the record, and gives the pages of the transcript where said judgment is entered.

2. Because if said judgment of Samuel Thurman against Blankenship & Blake Company had not been offered in evidence at all by either appellant or appellee, it would nevertheless have been proven by the recitals in the appeal bond upon which the suit was brought, wherein the judgment is fully set forth and described, and by appellee herein; and there was no plea of *non est factum* as to said appeal bond, and said appeal bond was made a part of plaintiff's (below) petition and attached as an exhibit thereto and offered in evidence by appellant herein. Appellee is bound by the recitals in said bond in the absence of some plea putting in issue its execution by appellee herein.

3. Because the answer of appellee in the court below did not make an issue of any of these matters, the only issues of fact made by such answer being one of former adjudication, and further that the property involved in the various suits did not sell for a sufficient amount to satisfy the prior judgment lien holders, and that hence appellant ought not to recover.

4. Because if the facts do not appear from the record, then appellant insists that appellee should not be allowed to take advantage of his own wrong and strike out his own testimony which has been inserted in the statement of facts by the clerk under the direction of counsel for appellee; especially when all the other facts go to show a case in which appellant ought to recover and one where he would suffer irreparable injury should the judgment of affirmance be permitted to stand. Again, the motion only operates as to such parts of the record as designated, and there being no objection to the judgment offered by appellant, and that judgment being the same one as the one stricken out, said judgment is still before the court, and the attention of the court is respectfully invited to a careful inspection of said motion and the record in this case, from which will appear the facts as stated herein.

Wherefore appellant prays that a rehearing be granted him, and that upon rehearing hereof the court render such judgment here as should have been rendered in the court below.

## ON MOTION FOR REHEARING.

HENRY, ASSOCIATE JUSTICE.—The record in this cause contains a statement of facts in which the appeal bond which is the foundation of the suit and the judgment of the District Court of Marion County in the case of Samuel Thurman v. Blankenship & Blake Company for the trial of the right of property are both copied at large. Said judgment is so copied at two places in the record—once as offered by the plaintiff and once by the defendant.

Upon motion of the attorney for appellee we struck both the bond and

the judgment from the statement of facts, upon the ground that they were not contained in the statement of facts when it was approved by the district judge, but were subsequently inserted in blanks left for that purpose, in violation of a rule of this court. Rule 72a.

A copy of the bond sued upon was, however, attached as an exhibit to the plaintiff's petition, and the statement of facts contains a recital that the "plaintiff read the appeal bond sued on." That recital was treated by us as sufficient to make the bond a part of the statement of facts.

In the motion for rehearing the appellant contends that only the copy of the judgment that was introduced in evidence by the defendant was stricken from the record, while the one introduced by the plaintiff remained.

It was improper for the same judgment to be twice copied into the statement of facts.

In support of the present motion our attention is called to the language of the motion to strike out, which describes the judgment in the following words only:

"Judgment of S. Thurman v. Blankenship & Blake Company (claim case). Tr., 37–40." The reference to the pages of the transcript relates to the copy of the judgment introduced in evidence by the defendants.

The certificate of the clerk, showing how the statement of facts was made up, describes the judgment in exactly the same language that the motion does, but omits any reference to the pages of the record.

The motion only served to call our attention to the matter. It was the certificate of the clerk and the separate affidavit of the attorney who made the motion that we acted upon, and neither of them referred any more to one entry of the judgment than to the other. We think that they included the judgment wherever it was found in the statement of facts.

When it comes to our knowledge that the rule on the subject has been violated we will strike matter so inserted from the statement of facts without a motion.

Appellant contends, however, that the appeal bond contains a recital of the judgment in question, and that it was sufficiently in evidence in that manner. In fact the appeal bond does contain an accurate statement of the substance of the judgment as far as it goes, without being quite complete. We think that the deficiency in the recitals of the appeal bond in this particular is sufficiently supplied by other parts of the statement of facts, as it remained after the insertions had been stricken out, to bring before us the judgment that we declined to consider in our opinion, and to make it our duty to consider the appeal upon the facts.

The value of the property in controversy in the three attachment suits was found by the court to be $478.09, and a judgment was rendered in favor of Thurman in the District Court for that sum, with interest and

10 per cent damages, to be paid only after the judgments in favor of Bemis and Sedberry were paid out of the same and other attached property.

The judgment in favor of Bemis was rendered for the sum of $6732, besides interest and costs, and the one in favor of Sedberry was for $229.50, besides costs.

The net proceeds of the sales of all the attached property (not including that involved in the trial of the right of property cases) was $5111.05. If to that sum the amount of the judgment against the Blankenship & Blake company is added, we have the gross sum of $5589.14, a sum less than the principal of the Bemis judgment, to say nothing of interest and costs, or of the Sedberry judgment.

J. H. Bemis purchased the attached property at the sheriff's sale, as we have said, for an amount less than his debt. Subsequently the Blankenship & Blake Company paid to Bemis the full amount of his judgment, and Bemis conveyed to Blankenship & Blake Company the property purchased by him at the sheriff's sale.

When the attached property was sold by the sheriff the money bid for it took the place of the property in the attachment suits, and no subsequent dealing with the property between any of the parties could deprive the Blankenship & Blake Company of its right to be relieved by paying the full amount which it was ordered to pay to the judgment creditor who had the superior right to it. When the other attached property fell short of paying the Bemis judgment by more than the amount of the Blankenship & Blake judgment, no choice was left for it but to pay the amount for which it was liable to Bemis.

We do not find in the statement of facts any evidence of the judgment of this court in the case in which the appeal bond was given. The motion for a rehearing must be overruled.

*Motion for rehearing refused.*

Delivered December 19, 1890.