JAMES H. CLARK V. W. S. THOMPSON ET AL.

1. SERVICE OF CITATION IN ERROR.—Service of citation upon one of
   several partners, plaintiffs, against whom writ of error has been
   taken, is insufficient; all the defendants in error must be served.
2. TRANSCRIPT.—See irregularities in the record for which writ of
   error was dismissed.

ERROR from Red River.   Tried below before the Hon.
Robert H. Taylor.

*Jas. H. Clark,* for plaintiff in error.

MOORE, ASSOCIATE JUSTICE.—This case must be dismissed
for want of proper service of the citation in error, as well
as for defects and irregularities apparent in the transcript,
which, in the absence of explanation, are of such a char-
acter that we would be unwilling to review the judgment
of the court below on it, if the service warranted our tak-
ing jurisdiction of the case.

The judgment of the District Court is in favor of Wal-
ter S. Thompson and Andrew Thompson, partners trading
under the firm name of W. S. Thompson & Bro., while
W. S. Thompson alone has been served with a citation in
error.   By act of February 5th, 1858, for further regulating
proceedings in the District Court, service on one of the
partners is sufficient to authorize a judgment which may
be enforced against the partnership property and the prop-
erty of the partner served. . But this act, as is manifest
from its title and contents, is limited to suits in the District
Court against the partners, or some one or more of them.
It has no reference or applicability to writs of error to this
court on judgments of the District Court in favor of part-
ners in suits brought by them against the plaintiff in er-
ror.   Whether a similar rule might not with propriety be
adopted in the prosecution of writs of error from judg-
ments in the District Court in favor of partners, is not a

matter for our determination. It is our duty simply to observe and follow the law as we find it.

On the 6th of January, 1873, a petition for writ of error was filed by Clark, the defendant, in the District Court, praying that the plaintiffs be cited to appear in the Supreme Court, to be begun and holden on the third Monday in December, 1873. A *supersedeas* bond was at the same time given to the plaintiffs, and a citation in accordance with the petition in error issued, and was served upon W. S. Thompson. Next follows in the transcript an assignment of errors, which appears to have been filed January 21st, 1873. Then comes a second petition in error, filed December 31st, 1873, referring to the first petition, and stating that by mistake the plaintiffs were cited to appear at a term of the Supreme Court to be begun and holden on the third Monday in December, 1873, wherefore petitioner prays for an alias citation to the plaintiffs to appear at a term of the Supreme Court to be begun and holden on the first Monday in December, 1874. Following this petition is a citation, which was also served on W. S. Thompson, requiring him to appear at a term of the Supreme Court to be holden on the — day of ———, A. D. 1874.

The assignment of errors is on the 24th page of the transcript. The second petition in error, citation, and service extended it to twenty-eight pages; and on the 29th page we find the certificate of the clerk, of the date of the 20th day of January, 1873, in which he certifies that the foregoing twenty-eight—the eight being evidently written over some other word, apparently four—contains a full and perfect transcript of all the proceedings had in the cause. Nor can it be supposed that, by a clerical mistake, the certificate bears date of *January 20th*, 1873, when it should have been *January 20th*, 1874, for the transcript was filed in this court *January 12th*, 1874. It is therefore evident that the petition for alias citation in error, and the citation and

9

service under which the case has been brought into this court, formed no part of the transcript when the certificate of the clerk was appended to it. An examination of the transcript leaves little doubt that it was completed before the error in the petition in error, as to the time of the beginning of court, was discerned; and it being then too late to correct it for the term of the court beginning on the *first* Monday in December, 1873, the petition for alias citation was filed; and after service of the citation, the seal over the tie of the record was loosened, and copies of these papers inserted, and the certificate made to correspond with the additional paging of the transcript. But, through oversight or otherwise, there was an omission to make a corresponding alteration in its date.

The absence of all reasonable motive for an improper tampering with the transcript is quite sufficient to repel any suspicion that the irregularities in the record, whether occasioned by the act of the clerk or any one else, are to be attributed to a fraudulent intent or design. But, re-regardless of the motive or purpose from which these irregularities have resulted, they are such as cannot be passed over by the court without setting a precedent of a most pernicious character.

For want of service of a citation in error on both of the defendants in error, and for irregularities in the transcript, it is ordered that this cause be dismissed.

                            DISMISSED.