THOMPSON, MORRIS & CO. v. PINE & POINDEXTER.

(Case No. 2695.)

1. WRIT OF ERROR — PRACTICE IN SUPREME COURT.— A writ of error will be dismissed unless it appears that all the defendants in error have been cited. The question of error will not be considered unless all the parties defendant are thus brought before the court.

2. FACT CASE.— See opinion for facts in which it was held that a writ of error should be dismissed.

ERROR from Lamar. Tried below before the Hon. Robert H. Taylor.

*W. B. Wright,* for defendants in error, on motion to dismiss.

*W. V. Hale* and *Terrell & Walker, contra.*

QUINAN, J. COM. APP.— This suit was instituted November 22, 1866, by appellants against appellees, partners doing business at Paris, in Lamar county, for a large amount.

An amended petition alleged that the firm of Pine & Poindexter had been dissolved; that Poindexter retained

all the partnership goods; that he was about to transfer his property for the purpose of defrauding his creditors; that Pine was a non-resident; and prayed a judgment against Pine & Poindexter, and attachment against the partnership property and individual property of Poindexter. The attachment was issued and was levied upon goods as the property of Poindexter, who replevied them, executing his bond with C. B. Berry and fourteen others as his sureties.

Poindexter answered in the suit, and pleaded in abatement that the attachment bond was insufficient, on which ground he moved to abate the attachment.

Plaintiffs demurred to that plea, and their demurrer was sustained.

Citation was issued to Pine, and served by publication at the return term of this citation, April, 1868. Poindexter moved to quash the attachment on various grounds on April 14, and on the 22d filed an amendment to his motion, and again pleaded in abatement to the insufficiency of the attachment bond, as the sureties were non-residents, etc. The plaintiffs demurred to this plea in abatement and answered that the bond was good.

On the 25th of April the court quashed the attachment on motion of Poindexter's attorneys.

On the 25th of April, 1872, a citation issued commanding the sheriff to cite Jas. A. Pine by publication to answer the original petition, and this citation was duly published.

In March, 1872, Poindexter having died, Moody, his administrator, made himself a party to the suit.

November 20, the cause was tried and judgment rendered for the plaintiffs against J. A. Pine and Thomas Moody, administrator of Poindexter, for $4,003.60.

An appeal was taken, but not prosecuted. A petition for a writ of error was filed January 25, 1873, by plaintiff, upon which citation issued to Moody, administrator, only,

and was served on him February 21, 1873. No citation
was asked to Pine. This proceeding seems to have been
abandoned.

A petition for writ of error was again filed by plaintiffs
on September 26, 1874. The petition prayed the reversal
of the order quashing the attachment and for citation,
not naming to whom, and for judgment against the sure-
ties on the replevy bond for the amount thereof, and
"for general relief and costs of suit." A bond was given
payable to J. A. Pine and Thos. Moody, administrator of
Poindexter, in $100, conditioned that Thompson, Morris &
Co. shall pay all costs that have been adjudged against
them, and which may be adjudged against them in the
supreme court on said writ. This bond was filed Septem-
ber 26, 1874.

A citation upon this petition issued September 28, 1874.
This citation was issued to Thos. Moody, administrator,
only, and was served October 15, 1874. No citation was
issued to Pine.

The record was filed in the supreme court April 8, 1875.
A motion to dismiss the suit was made the same day by
Berry and the other sureties on the replevy bond. The
grounds of this motion to dismiss are, that no citation had
been served upon them; that no sufficient bond had been
given; that no citation had been served on Pine.

We are of the opinion that the writ of error should be
dismissed because Pine is not made a party, and this,
too, whether the sureties have the right to make the
motion or not.

We know no reason why Pine should not be cited. The
object of the writ is to reform a judgment to which he is a
party. All the parties defendant in error should be cited.
Summerlin v. Reeves, 29 Tex., 85; Clark v. Thompson,
42 Tex., 128; Crunk v. Crunk, 23 Tex., 604.

Pine is interested in the character of the judgment
which may be rendered against him.

There can be but one final judgment in a case. If the errors complained of by plaintiff in error have in fact been committed, they can only be remedied by a reversal of the judgment, and the rendition of the judgment as it ought to be. Surely Pine ought to be a party to a proceeding which may so materially affect his interests.

The petition for the writ of error prays citation without naming against whom. The bond for costs, however, is made payable to both defendants. The clerk should have issued citation to both; and as there has been no service upon both defendants in the judgment and writ of error, the court here is without jurisdiction, and the writ of error should be dismissed.

DISMISSED.

[Opinion delivered October 17, 1881.]