GEORGE BARNARD v. MRS. M. L. TARLETON ET AL.

(Case No. 3539.)

1. WRIT OF ERROR — PARTIES.— In a suit against G. on a note and deed of trust on personal property, and against several other parties to subject the trust property in their hands, judgment was rendered against G. for the amount of the note, interest and costs, but in favor of the other defendants that the plaintiff take nothing as to them. The plaintiff sued out a writ of error, making all of the defendants parties except G., who was not joined in either the petition or bond. *Held*, that G. was a necessary party to the writ of error, and that the writ should be dismissed.
2. CHARGE OF COURT — PRACTICE.— When, after the submission of a case, it is withdrawn from the jury and decided by the court, the charge which had been given cannot be regarded as showing the legal grounds on which the case was decided.
3. ASSIGNMENTS OF ERROR.— See this case for assignments held to be too general.

ERROR from McLennan. Tried in 1875 before Hon. D. M. Prendergast.

This suit was instituted by George Barnard on a promissory note secured by a deed of trust, both executed by Max Gervais, one of the defendants. The plaintiff in the same suit proceeded by sequestration against a certain brick kiln, which plaintiff alleged was embraced in the deed of trust; and the petition alleged that certain parties, who were made defendants, viz., T. A. Johnson (who died pending the litigation, his death suggested, his widow and her subsequent husband, John Tarleton, being made parties), W. A. Fort, and G. W. Jackson, were in adverse possession of the same, claiming to own said brick under a pretended sale from their

co-defendant, Gervais. All of the defendants appeared and answered. The cause was submitted to a jury under the charge given by the court, but they failing to agree to a verdict, by consent of parties the cause was withdrawn from the jury and submitted to the judge presiding upon the evidence which had already been adduced, to determine the same upon the facts as well as the law. The court rendered judgment for the plaintiff for the amount of the note, with interest and his costs, against the defendant Gervais, and adjudged that the plaintiff "take nothing as against the defendants M. L. Johnson, W. A. Fort and G. W. Jackson," and adjudged them their costs against the plaintiff.

The plaintiff prosecutes this writ of error. The petition for writ of error complained against the judgment so far only as it was rendered against the plaintiff in error in favor of the defendants Johnson, Fort and Jackson, and the petition for writ of error prayed for citation only as to defendants John Tarleton and wife, and as to said Fort and Jackson. Citations were issued and served accordingly, pretermitting defendant Gervais. The writ of error bond was not made payable to Gervais, but to the other defendants.

The plaintiff in error assigned as error the following grounds:

1st. The judgment of the court is contrary to the law and evidence.

2d. The court erred in construing the mortgage or trust deed sued on by plaintiff, as shown in his charge.

3d. The court erred in holding that the purchase of the brick by Johnson and Fort and Jackson, or either of them, before the maturity of the note sued on, although they had notice of the trust deed, if said purchase was absolute and not conditional, passed the title to said brick.

4th. The court erred in giving judgment against plaintiff, in favor of defendants Johnson, Fort and Jackson.

There were no exceptions taken to the charge of the court, nor were any counter instructions or supplemental instructions asked to be given to the jury.

*Herring, Anderson & Kelley*, for plaintiff in error.

*J. M. Maxcy*, for defendants in error.

WALKER, P. J. COM. APP.— The failure to make the defendant Gervais a party to this writ of error proceeding, and to cite him duly as such, and to comply with the law otherwise, by making the writ of error bond payable to him, alike with the other defendants in error, is fatal to the maintenance in the supreme court of this

writ of error; and it therefore should be dismissed for the reasons given, and upon the authorities cited in their support, in the case of Thompson v. Pine, 55 Tex., 429.

The first and fourth grounds assigned as error are quite too general, vague and indefinite to require consideration. Fisk v. Wilson, 15 Tex., 430; Green v. Dallahan, 54 Tex., 285; 29 Tex., 362; 52 Tex., 266.

The second and third grounds refer to conclusions of law which the appellant supposes were held by the court in forming his judgment in the case. The second refers to the charge of the court given to the jury to indicate its construction of the trust deed sued on by the plaintiff. The judge having determined the whole case upon the evidence, the charge which had been given to the jury cannot supply, of itself, a proper medium through which we may see and judge of the construction which the court at last placed on the instrument in question; and besides, this assignment does not point out in what particular view it is in which the court erred in the construction which it gave to the deed of trust; and being thus indefinite, and looking to the charge itself to ascertain the supposed error, we find nothing there discovering an erroneous view held by the judge.

The third ground is not well taken. The record does not make apparent, unless indirectly or by inference, that the court held, in determining this case, the special conclusion which the third assigned ground imputes to it. The judgment rendered in this case by the judge will be sustained if there is evidence of such a character, that under it a judgment might be given such as was given. Unless the judgment is without evidence, it will not be reversed on appeal. Jordan v. Brophy, 41 Tex., 283.

To warrant a reversal it is not sufficient that the evidence admits of a different conclusion from that at which the court arrived; nor that some of the reasons assigned for its decree by the court below may not be sustained by the evidence, or may be contrary to the weight of the evidence; — the judgment must be manifestly erroneous. Bird v. Pace, 26 Tex., 488.

The proper disposition of this writ of error was indicated at the outset of this opinion, but we have thus briefly recurred to the grounds of error relied on to indicate to the appellant, that, probably, a thorough consideration of the merits of grounds which he relies on would not have influenced a different result than follows from a dismissal.

           Dismissed.

[Transferred to Tyler, and opinion delivered there October 16, 1882.]