## MISSOURI PACIFIC R'Y. CO. V. J. H. McCLANAHAN.

### (Case No. 2042.)

1. RAILWAY REGULATION—PASSENGER RATES—ACT OF APRIL 10, 1883—Under the act of April 10, 1883, unless a railway company keep its ticket office, at the station at which the passenger enters its train, open for half an hour previous to the departure of the train, it can *in no case* rightfully demand fare of a passenger having no ticket at the rate of more than three cents per mile.

APPEAL from Anderson. Tried below before the Hon. F. A. Williams.

The facts are stated in the opinion.

*Jno. Young Gooch*, for appellant, cited: Gen. Laws of 1883, Chap. 70, sec. 9.

*T. J. Williams*, for appellee.

GAINES, ASSOCIATE JUSTICE.—Appellee boarded appellant's train at Tucker station to go to Palestine, and was put off two miles from the former place, because of his failure to pay fare at the rate of four cents per mile demanded by the conductor. Upon his arrival at the station in the first instance, he went to the ticket office to buy a ticket, but found it closed. This occurred within half an hour before the regular time for the departure of the train. The train on this day was about an hour late. He made no further attempt to procure a ticket. The office was not kept open for thirty minutes before the train actually left, and he entered the cars without a ticket. He tendered fare at the rate of three cents per mile, but four was demanded, and upon his failure to pay he was ejected by the conductor. For this he obtained a verdict and judgment in the court below, against appellant, for the sum of $500.

The court charged the jury as follows: "If the ticket office at Tucker station was not kept open for one-half hour before the departure of the train from which plaintiff was ejected, then the conductor had no right to charge plaintiff more than three cents a mile, or to eject him because he did not pay four cents a mile regardless of whether plaintiff applied for a ticket or not during said half hour."

And defendant's counsel thereupon requested the court to give the following special instruction, which was refusued: "In addition to the charge heretofore given, I further charge you that if in fact the railroad company or its agents did not open the ticket office at Tucker station thirty minutes before the train departed therefrom, on January 8, 1886, as alleged in the petition, yet if the plaintiff J. H. McClanahan, did not apply within the thirty minutes for a ticket, he has no legal cause of complaint for such failure to keep the office open during the time. And if he did not seek to purchase a ticket at Tucker before the train mentioned departed, and he got on the train, under such circumstances, without a ticket, the conductor of the train had a right to eject him or cause him to get off of it, unless he paid four cents per mile."

The giving of the former and the refusal of the latter charge are assigned as error. The right of appellant to claim the fare at the rate of four cents per mile, as demanded by the conductor, depends upon the construction of section 9 of the act of the legislature of this state regulating railroads and transportation lines in the state of Texas, approved April 10, 1883. (See General Laws of 18th Legislature, p-70.) The section referred to fixes the passenger fare upon all railroads in this state at three cents per mile, and contains the following provisoes: "Provided, however, that where the fare is paid to the conductor the rate shall be four cents per mile, exept from stations where no tickets are sold, * * * provided, further, railroads shall be required to keep their ticket offices open half an hour prior to the departure of trains, and upon failure to do so they shall not charge more than three cents per mile."

The first proviso in the section, as quoted, was obviously intended to induce passengers to buy tickets before entering the cars, and was doubtless inserted in the interest and for the protection of the railroad companies. The object of the second, on the other hand, was to protect passengers against the contingency of having to pay the advanced rate of fare without being afforded ample opportunity to procure tickets. There is nothing in the language of this proviso to indicate that the legislature intended to make of it other than an absolute rule, and we see no reason why its operation should be made dependent

upon attempt or intent of the passenger to buy a ticket. If the railroad companies desire the benefit of the law in this regard, they have only to comply with it by keeping their offices open as the statute requires. The regulation is reasonable and easy to be observed. In the opinion of the court, if these companies keep their ticket offices open a half an hour before the departure of their train, they have a right to claim of passengers entering the cars without tickets, fare at the rate of four cents per mile; but, if the office be not so kept open, in no case can more than three cents per mile be rightfully demanded. We conclude, therefore, that the court below did not err, either in giving the charge complained of by appellants, or in refusing the special instruction asked by their counsel.

The only other error assigned is the action of the court in overruling the motion for a new trial, which being based upon the supposed errors in giving and refusing the respective charges hereinbefore set forth, raises the same question already passed upon.

We therefore find no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered October 19, 1886.]