**S. L. ADAMS & CO. v. EVANS et al.**
**(No. 823.)**

(Court of Civil Appeals of Texas. Beaumont. Nov. 27, 1922.)

**Appeal and error** ⊜⟿414—All defendants adversely interested in judgment reviewed by writ of error must be served with citation of writ.

All parties defendant adversely interested in a judgment sought to be reviewed by writ of error must be made parties to the proceedings and served by citation of writ to give the appellate court jurisdiction.

Error from District Court, Chambers County; D. F. Singleton, Judge.

Action by S. L. Adams & Co. against Mrs. J. Lynd Evans and others, individually and as a partnership, and another. Judgment for defendants, and plaintiff brings error. Cause dismissed.

Geo. C. O'Brien, of Beaumont, for plaintiff in error.

C. A. Lord, of Beaumont, for defendants in error.

HIGHTOWER, C. J. The plaintiff in error, S. L. Adams & Co., sued Mrs. J. Lynd Evans and H. B. Payne, individually, and as a partnership, and also sued L. G. Ogden as trustee, on an open verified account for goods, wares, and merchandise in the aggregate amount of $762.17. A writ of attachment was also sued out by the plaintiff and levied upon certain land belonging to Mrs. Evans. Citation was duly issued to the defendant Payne, but he was never served, for the reason that he could not be found. Mrs. Evans answered in the suit by general demurrer and a number of special exceptions, and specially denied that there was any partnership between her and Payne. The defendant Ogden's answer consisted of a general demurrer and general denial. Payne never at any time answered or made any appearance. When the case was called for trial, the plaintiff did not appear in person or by attorney, and the defendants, Mrs. Evans and Ogden, appearing by their attorneys, the court proceeded with the trial in the absence of the plaintiff and its attorneys, and rendered judgment to the effect that the plaintiff take nothing by its suit as against the defendant Mrs. Evans or the defendant Ogden, and that such defendants go hence without day. The defendant Payne never having been served with citation, it was ordered and adjudged that he be dismissed from the suit, and recover his costs, etc. The judgment expressly recites that the court found that there was no partnership existing between the defendant Mrs. Evans and Payne, as alleged by the plaintiff.

From this judgment a writ of error was sought to be sued out and perfected by the plaintiff, S. L. Adams & Co. The judgment below was rendered October 11, 1920. Petition for writ of error was filed April 2, 1921. Citation on the writ issued to the defendant Payne, in Harris county, April 2, 1921. The sheriff of that county made his return on the writ April 30, 1921, showing that Payne was not served because he could not be found in Harris county. The transcript was filed in the Court of Civil Appeals at Galveston June 25, 1921. Afterwards the cause was transferred to this court and filed January 23, 1922. Upon submission of this case in this court our attention was directed to the fact that Payne, who is made a defendant in the writ of error proceedings, has never been served with citation on the writ. It is a well-established rule in this state that all parties defendant adversely interested in a judgment sought to be reviewed by writ of error must be made parties to the writ of error proceeding and must be served with citation of the writ, in order to give the appellate court jurisdiction to determine the cause. Weems v. Watson, 91 Tex. 39, 40 S. W. 723; Thompson v. Pine, 55 Tex. 429; Barnard v. Tarleton, 57 Tex. 402. Therefore, this cause will be dismissed from the docket of this court, with leave to plaintiff in error, if it desires, to perfect the writ by serving citation upon the defendant Payne.

Cause dismissed.