**KING et al. v. POND et al.   (No. 2644.)**

(Court of Civil Appeals of Texas.   Amarillo.
    March 31, 1926.   Rehearing Denied
            May 5, 1926.)

1. **Appeal and error ⬉931(3)—Where no finding or conclusions are requested or filed, and there is evidence on which to base judgment, finding on every issue material to support judgment is presumed.**

   Where no findings or conclusions are requested or filed, and there is evidence on which to base judgment, finding on every issue material to support the judgment is presumed.

2. **Deeds ⬉211(5)—In suit to cancel deed given in settlement of money embezzled, evidence held sufficient to sustain finding of no threats and no duress.**

   In suit to cancel deed given by embezzler in settlement of shortage, *held*, evidence was sufficient to sustain finding that no threats were made, and that there was no duress.

3. **Deeds ⬉206—In suit to cancel deed given in settlement of money embezzled, evidence held sufficient to sustain finding that there was no compounding of felony.**

   In suit to cancel a deed given by an embezzler in settlement of the shortage, evidence *held* sufficient to sustain finding that there was no compounding of a felony.

4. **Appeal and error ⬉1010(1).**

   When supported by evidence, findings of trial court will not be disturbed.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Suit to cancel a deed, by Mrs. Elizabeth King and another against G. W. Pond and others, constituting the Pond Laundry.  Judgment for defendants, and plaintiffs appeal.  Affirmed.

Taylor, Muse & Taylor, of Wichita Falls, for appellants.

Weeks, Morrow, Francis & Hankerson, and Mathis & Caldwell, all of Wichita Falls, for appellees.

RANDOLPH, J.  This suit was brought by appellants, who will hereinafter be styled plaintiffs, against G. W. Pond, Paul J. Pond, Ralph K. Pond, and J. W. Pond, constituting the Pond Laundry, to cancel and annul a certain deed of conveyance to their home in Wichita Falls, Tex.  The case was tried before the court, a jury being waived, and judgment was rendered for the defendants, from which judgment appeal is had to this court.

J. H. King was working for the laundry, running a wagon and delivering the laundry. It appears that he did most of the weighing of the laundry, and it is charged that by means of false weights he had for years been embezzling the laundry's money, amounting to $5,000 or $6,000.  He was called before the

Ponds, and charged with his shortage, and it is in the negotiations for a settlement of this alleged shortage that the duress is charged to have been exercised and a felony alleged to have been compounded.

The husband and wife join in the bringing of the suit, and the husband is alleged to have joined pro forma, yet the facts as to the whole transaction charging duress of both of them in the inducement to the signing are fully alleged.  The property is shown to have been community property.  They allege that the threats which produced the alleged duress of their wills were made to the husband; that neither of them would have signed the conveyances but for the influence of such threats; and jointly pray for judgment annulling said deed and removing the cloud from their title.

[1] No conclusions or findings were requested of the court, and none were filed. Hence the only question for us to consider is, Was the court's judgment based upon evidence?  The presumption is that the judgment for the defendant is a finding upon every issue material to support the judgment, provided there is such evidence.

[2, 3] It appears from the evidence that some time during the pendency of the negotiations for settlement J. H. King employed T. B. Greenwood to represent him in the negotiations.  Greenwood, as such attorney, called on the Ponds with a proposition from King to deed them his home and automobile in settlement of the shortage.  Greenwood says that Gerald Pond told him that, if King did not settle, they would press the prosecution, and that the general tenor of the conversations he had with the Ponds was that, if King did everything—he was to deed them the house and transfer the automobile—they would be disposed to do anything they could to get him straight and right.  They made no direct promises to Greenwood that they would not prosecute, and stated that, if they were called before the grand jury, they would give their testimony, but would not initiate any prosecution—simply tell the details of the transaction.

As to the testimony given by the plaintiffs, it is sufficient to say that Mrs. King's testimony of what her husband told her of the threats made and what Greenwood told her fully sustains the allegations of her petition, but fail to sustain the petition in that she is shown to have had no communication whatever with the Ponds and no threats are testified to by her as being made to her by the Ponds.  King's testimony showed the making of threats to him.

It is shown by the defendants' evidence that the plaintiff J. H. King had been working for them for many years; that they caught him short in his accounts, and called him in, and charged him with the shortage;

that King confessed that he had been guilty of embezzling $30 or $40 a week for four or five years; that they demanded a settlement, and made continuous attempts to secure a settlement; that King offered to pay back the shortage in installments of $25 per week, which proposition they refused to accept; that Greenwood came to them, and made a proposition of settlement, which proposition was that King and his wife would deed their home and automobile in · settlement of the shortage; that the negotiations had been going on for about two weeks. Gerald Pond testified:

"When we found out that he was willing to deed his home and his car, at the time in the office, we let him go, and then on Monday, I believe it was, I asked what he was going to do about that. That was before the ninth."

Gerald Pond further testified:

"I told him (King) that it would be all right to get the bill of sale to the car and to the house; that that would settle the thing. * * * With reference to whether I told J. H. King that if he and his wife would sign this deed that I would not press the matter, well, it impresses me that Bruce Greenwood talked· to me on that account, and asked me if I would not say anything about it. I did not agree to that, I do not remember how that was really. I might have told him that, if they would sign the deed, I would not press the prosecution, but that, if the officers came for me, I would go before the grand jury. * * * I did not agree not to prosecute him. I did not say anything to T. B. Greenwood in regard to the penitentiary question."

The witness also denied telling King that, if he would sign the deed and bill of sale, he would not prosecute him, and denied that he told him that he was going to make an example of him and send him to the penitentiary.

Ralph Pond and J. W. Pond testified that they never talked to Mrs. King, and that they made no threats or promises to any one.

Under this testimony of the defendants it clearly became an issue as to whether the threats were made. By the judgment of the trial court this finding must necessarily have been made. The trial court's judgment also presupposes the finding that there was no compounding of a felony, and there is evidence to support both of these findings.

As to the claim of the plaintiffs that, because of the inadequacy of the consideration for the transfers, the finding of the court in favor of the defendants is warranted by the evidence. The Ponds testified that King confessed that he had been guilty of embezzling four or five years at the rate of $30 to $40 per week, and, taking the length of time at the minimum of four years, and the minimum of amount at $30 would aggregate $6,-

420. The evidence on the value of the car and the home runs from $3,500 to $8,000, and we cannot say that the court's judgment was not supported by the evidence.

[4] That the findings of the trial court when supported by evidence will not be disturbed see: Simmons Hardware Co. v. Kaufman & Runge, 8 S. W. 283, 77 Tex. 131, 137; Fordyce v. Manuel, 18 S. W. 657, 82 Tex. 529; Victor Safe & Lock Co. v. Texas State Trust Co. (Tex. Civ. App.) 99 S. . W. 1049, 1050; Sanders v. Rawlings (Tex. Civ. App.) 77 S. W. 41, 42; Raysor v. Reid, 55 Tex. 266; Barnard v. Tarleton, 57 Tex. 402; Bird v. Pace, 26 Tex. 488; Thigpen v. Russell, 118 S. W. 1080, 1081, 55 Tex. Civ. App. 211.

We therefore affirm the judgment ·of the trial court.