### RUNYON v. VALLEY PUB. CO. et al.
### No. 4014.

Court of Civil Appeals of Texas. El Paso.
Dec. 19, 1940.

Rehearing Denied Jan. 23, 1941.

522

N. G. Cofer and West & Hightower, all of Brownsville, and Cofer & Cofer, of Austin, for plaintiff in error.

Davenport & Ransome and H. L. Yates, all of Brownsville, for defendant in error.

WALTHALL, Justice.

This proceeding presents a motion of defendants in error to dismiss this case on the ground that this court is without jurisdiction to hear and determine this cause for the reason that plaintiff in error has failed to have before this court Prudencio Hinojosa, one of the defendants in the trial court. Plaintiff in error was the plaintiff in the suit in the trial District Court, in which suit H. R. Hudson (now deceased), Carl C. Magee, J. M. Stein, Frank Walker, J. E. Cronenwett, B. I. Martin, Brownsville Herald Publishing Company, the Valley Publishing Company, and Prudencio Hinojosa, were the defendants, and all of the defendants.

Prudencio Hinojosa was a party defendant with the other defendants, as evidenced by plaintiff's petition, was continued as a party defendant when the cause was submitted to the jury by the court in its charge submitting the several special issues disposed of in the judgment in said cause charging, as to each defendant, a conspiracy, and in reference thereto the publication of an alleged libelous matter, of which a more specific statement we need not make.

The point submitted by appellees in their motion to discuss appellant's appeal is to the effect that plaintiff's petition for writ of error fails to name or make Prudencio Hinojosa a defendant in error; nor does the writ of error bond name or make Prudencio Hinojosa a payee in said bond; nor does the citation in error or the alias citation in error name Prudencio Hinojosa a defendant in error.

Article 2257 of the Revised Civil Statutes of this State, 1925, provides, in part: "The petition [writ of error] shall state the names and residences of the parties adversely interested."

The Supreme Court, in Barnard v. Tarleton, 57 Tex. 402, and in Thompson v. Pine, 55 Tex. 427, 429, held the statute mandatory.

It appears from the transcript filed in this case, Prudencio Hinojosa was a party adversely interested to the interest of Robert Runyon in the case, and was a defendant therein through the trial; the issues as to him were submitted to the jury and the jury made findings thereon. The court in the judgment adjudged and decreed that appellant "take nothing by his suit as against each and all of the defendants herein, and that each and all of the defendants recover all costs incurred in this cause of and from the plaintiff," and authorized that execution issue.

From that judgment appellant prosecutes this appeal.

 The judgment disposes of all of the issues and the parties, and on its face is a final judgment.

 In response to appellees' motion to dismiss the appeal appellant insists the motion should be denied, first, because by the terms of the judgment Hinojosa was dropped from the suit, and refers to the first few lines of the judgment, in which it is stated that appellant and his attorneys, and the defendants, naming those who appeared, appeared by their attorneys, naming the attorneys (Hinojosa's name is not mentioned among those who appeared), "and all parties announced ready for trial and submitted their exceptions to the court for its actions thereon," which the judgment recites the court heard and acted thereon, to which action on the exception appellee excepted. The judgment, then proceeding, recites that the cause proceeded to trial, in which the court on the trial submitted to the jury on special issues the cause of action as to Hinojosa as he did to each of the other defendants. The judgment does not expressly by its terms and provisions drop Hinojosa from the suit.

 The second suggestion of appellant on the motion is: By the recitals of the judgment Hinojosa was not disposed of, hence the judgment as to him was interlocutory. Appellant refers to Hickman v. Swain, Tex.Civ.App., 210 S.W. 548, as analogous. We have fully considered that case and have concluded that what is there said does not control the instant case. The facts in that case are too lengthy to review here.

Appellant further submits that Hinojosa, though a party defendant in the suit and a party to the judgment, this writ of error could properly be prosecuted without him, "because in this, a libel suit, all defendants are not necessary and indispensable parties to the several recoveries plaintiff sought to obtain, and in such cases plaintiff has the right, by writ of error proceedings, to attack only so much of the judgment with respect to the parties as he may elect."

In this case on the trial the court submitted to the jury the several liability to the plaintiff of each of the defendants, including that of defendant Hinojosa.

On the issue of damages alleged to have been sustained by plaintiff by reason of the alleged conspiracy and libel, the jury found as to each defendant, including Hinojosa, that plaintiff had sustained no damage. The verdict was received and judgment was entered thereon that plaintiff take nothing by his suit, and plaintiff gave notice and appealed from that judgment.

 Neither Prudencio Hinojosa nor his adverse interest to appellant in the suit was disposed of in any way by appellant in his appeal; Hinojosa and his interest were simply omitted by appellant in his appeal. We think the omitting of his name from the appeal bond might have been cured here by giving a new bond.

 Appellant in his brief insists that a mutual mistake was made in preparing the judgment that was entered. It is not said in what respect a mutual mistake was made; it is not claimed that it was understood or agreed that Hinojosa was to be released from liability in entering the judgment. The court entered the proper judgment on the verdict. The error, if any, as we see it, was in not relieving Hinojosa from the suit in view of the appeal, if such was appellant's intention; otherwise, the case presents an appeal from a judgment against several defendants but omitting "to state the names and residences of the parties adversely interested," in violation of the rule.

Appellees' motion is sustained, and the appeal is dismissed.