# THE ATTORNEY GENERAL
# OF TEXAS


February 5, 1952

Hon. Olin Culberson, Chairman
Railroad Commission of Texas
Austin, Texas          Opinion No. V-1402

Re:  Statutory penalty
     for failure of a
     railroad to keep
     its ticket office
     open for half an
     hour prior to the
     departure of trains
Dear Sir:               which are late.

        You have requested the opinion of this of-
fice as to the possible legal consequences involved
when a Texas railroad has advised its ticket office
employees not to keep the ticket offices open for
half an hour prior to the departure of trains opera-
ting behind schedule.

        Your question requires a construction of
Article 6416, V.C.S., which reads as follows:

        "The passenger fare upon all rail-
    roads in this State shall be three cents
    per mile, with an allowance of baggage to
    each passenger not to exceed one hundred
    pounds in weight; provided, however, that
    when the fare is paid to the conductor,
    the rate shall be four cents per mile, ex-
    cept from stations where no tickets are
    sold, and that the minimum charges in no
    case shall be less than twenty-five cents;
    and provided, further that when the passen-
    ger fare does not end in five or naught,
    the nearest sum so ending shall be the fare;
    provided, that in no case shall children un-
    der ten years of age be charged a higher
    rate of fare than two cents per mile.  Rail-
    roads shall be required to keep their ticket
    offices open for half an hour prior to the
    departure of trains, and upon failure to do

<u>so they shall not charge more than three
cents per mile."</u>   (Emphasis supplied)

Initially we must determine whether this
statute requires a railroad to keep its ticket of-
fice open for half an hour prior to the scheduled
departure or prior to the actual departure of passen-
ger trains, when there is a variance between such
times.

In discussing the particular portion of
Article 6416, with which we are here concerned, the
Texas Supreme Court used the following language in
<u>Missouri Pacific Ry. Co. v. McClanahan</u>, 66 Tex. 530,
1 S.W. 576 (1886):

> ". . . The section referred to fixes
> the passenger fare upon all railroads in
> this state at three cents per mile, and
> contains the following provisions: 'Pro-
> vided, however, that where the fare is paid
> to the conductor, the rate shall be four
> cents per mile, except from stations where
> no tickets are sold: * * * provided, further,
> railroads shall be required to keep their
> ticket offices open half an hour prior to
> the departure of trains, and upon failure
> to do so, they shall not charge more than
> three cents per mile.'  The first provi-
> sion in the section as quoted, was obvious-
> ly intended to induce passengers to buy tic-
> kets before entering the cars, and was doubt-
> less inserted in the interest and for the
> protection of the railroad companies.  The
> object of the second, on the other hand, was
> to protect passengers against the contingency
> of having to pay the advanced rate of fare
> without being afforded ample opportunity to
> procure tickets. . . .

> "In the opinion of the court, if these com-
> panies keep their ticket offices open half
> an hour before the departure of trains, they
> have a right to claim of passengers entering
> the cars without tickets, fare at the rate of
> four cents per mile; but, if the office be
> not so kept open, in no case can more than
> three cents per mile be rightfully demanded . . ."

Although the Texas Court did not have before it a situation where the train departed behind schedule, we find authorities in other jurisdictions having statutes similar to the Texas statute where that question has been decided.

Kansas has a statute very similar to Article 6416, V.C.S. It requires railroads to keep their ticket offices open for at least thirty minutes "immediately prior to the starting of such train." In Atchison, T. & S.F. Ry. Co. v. Dwelle, 44 Kan. 394, 24 Pac. 500 (1890), the Kansas Supreme Court held that keeping the ticket office open for thirty minutes prior to the scheduled time of departure, but not until the actual delayed departure, was not sufficient to comply with the Kansas statute when the passenger train was behind time.

On the other hand, in the case of Pondee v. Lexington & E. Ry. Co., 164 Ky. 69, 174 S.W. 786 (1915), under a Kentucky statute which required railroads to keep their ticket offices open at least thirty minutes "immediately preceding the scheduled time of departure of all passenger trains", the Court held that the company was only required to keep its offices open for thirty minutes prior to the scheduled time of departure, as the statute did not require the company to keep its offices open until a delayed train had arrived and departed.

The Texas statute makes no distinction between the scheduled departure and the actual departure of a late train. As was pointed out in Missouri Pacific Ry. Co. v. McClanahan, supra, the purpose of the Texas statute is to afford a passenger an "ample opportunity" to procure a ticket, and this would unquestionably be denied such a passenger if the ticket office were not kept open for at least half an hour before the departure of a late train, particularly is this true because the circumstance of the train's being late is beyond the control of the passenger.

We therefore hold that railroads must keep their ticket offices open at least half an hour prior to the actual departure of their passenger trains, irrespective of whether the train departs on schedule.

You also inquire as to the legal conse-
quences of a railroad's failing to keep its ticket
offices open as we have indicated herein.  The
statute clearly provides that in the event of such
failure, the company may not charge more than three
cents per mile as passenger fare.  Gulf C. & S.F.
Ry. Co. v. Dyer, 95 S.W. 12 (Tex. Civ. App. 1906,
error ref.)

## SUMMARY

Railroads are required to keep their
ticket offices open for half an hour prior
to the actual departure of passenger trains.
Upon their failure to do so, they are not
authorized to charge more than three cents
per mile as passenger fare.  Article 6416,
V.C.S.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

Charles E. Crenshaw
Oil and Gas Division

By

Dean J. Capp
Assistant

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

DJC:mds