Delivered February 3, 1891.

---

MISSOURI PACIFIC RAILWAY COMPANY v. T. E. IVY.

No. 6791.

.1. **Amendment Not Changing the Cause of Action.**—Suit in Justice's Court upon account "to damages to two mares in the loss each of a colt, caused by the negligence of defendant." On appeal in the District Court an amendment was allowed by striking out the words "to damages" and inserting the words "to the deterioration in value." *Held,* that thereby no material change was made in the account.

2. **Practice in Appeals from Justice Courts.**—The rules of practice and pleading prescribed for the District Courts do not apply to the cases on appeal from Justice Courts in respect to matters regulated by statute for the Justice Courts. Amendment to pleadings in such cases may be allowed without rewriting the original so amended.

3. **Shipment of Livestock by Railway—United States Statute Construed.** Article 4386, United States Revised Statutes, prescribing "no railroad company * * * over which cattle, sheep, swine, and other animals are shipped * * * shall confine them in cars * * * for a longer period than twenty-eight consecutive hours without unloading the same for rest, water, and feeding," etc., is not a grant of privilege to the carrier to allow it to so confine the stock whether it would be negligence or not in so doing. It was to prohibit the confinement, etc., longer than the time named, etc. The questions of negligence, etc., are still left as at common law, notwithstanding the statute.

4. **Receipts, etc., Exacted of Shipper of Livestock.**—Receipts and statements touching the condition of livestock on shipment exacted by the carrier of the owner are merely admissions, and if untrue may be contradicted by other evidence.

5. **Negligence.** — See facts held sufficient to support the allegation of negligence in shipment of horses and a verdict for damages caused by such want of care.

APPEAL from Frio. Tried below before Hon. D. P. Marr.
The opinion states the case.

*R. W. Hudson,* for appellant.—1. The court should have compelled the plaintiff upon the objection of defendant to plead over, as the trial of

said cause did not take place until two days after the amendment was permitted. Rule 13 for Dist. Cts.

2. Plaintiff could not in the District Court plead anything not pleaded in the court below. Curry v. Terrell, 1 Ct. App. C. C., 95.

3. This being an interstate shipment the statute of the United States controls; and said statute having fixed twenty-eight hours as the maximum time controls in this case. Rev. Stats. U. S., art. 4386.

4. In a civil case the jury can not disregard the evidence by deposition of the defendant and bring in a verdict based solely upon the testimony of plaintiff alone given on the trial, different from written statements signed by him without compulsion at the time he complains the injury was inflicted. Railway v. Cowser, 57 Texas, 293; Thorn's Heirs v. Frazier's Heirs, 60 Texas, 259; Chandler v. Meckling, 22 Texas, 36; Willis v. Lewis, 28 Texas, 191; Harnage v. Berry, 43 Texas, 567; Zapp v. Michaelis, 58 Texas, 270.

No brief for appellee.

COLLARD, JUDGE. — Suit by the appellee in Justice Court against appellant for damages to one car load of horses shipped from Pearsall, Texas, to New Orleans, Louisiana. Judgment was rendered for the full amount of the account or claim sued on, $199.50, from which the defendant appealed to the District Court in due form of law, where there was a jury trial; verdict and judgment for plaintiff for $169.50, from which defendant appealed.

The second item in the account as amended in the District Court is as follows: "To the deterioration in the value to two mares in the loss each of a colt, caused by defendant's negligence," etc.

A bill of exceptions shows that the court allowed the amendment to be made, upon sustaining defendant's special exception to the item in the account as originally filed, by permitting plaintiff to strike out the words "to damages" and inserting the words, "to deterioration in the value." The account as originally filed is not in the record. Taking the bill of exceptions as our guide, the item originally charged was "To damages to two mares in the loss each of a colt, caused by the negiglence of defendant," etc.

Defendant contends that a new cause of action was set up by the amendment of the account, and that this could not be done on appeal in the District Court.

We do not think a new cause of action was set up. The item was merely changed from damage to two mares to deterioration in the value of two mares. There was no material change made in the account.

Defendant also insists that when the court sustained the exception to the item in the original account, it was improper to allow plaintiff to

amend the item, but that he should have pleaded over and copied in full the whole account with the item as amended. Defendant says that be-cause the exception was acted on and sustained two days before the trial the amendment was not a trial amendment, and therefore it should have contained the entire matter relied on for a recovery. Such a rule ob-tains in the District Court, but it is too technical to be applied in the Justice Court, where all ordinary pleading may be made orally.

On appeal from the Justice Court to the District Court the Justice Court rules apply, and the rules of pleading for the District Court do not. But in addition to this we have already seen that there was no important change made; the item as it originally stood presented substantially the same claim. Our opinion is that there was no error in permitting the amendment to be made as it was.

Defendant asked the court to instruct the jury that defendant was al-lowed by law to keep the stock on the car without unloading to feed and water for twenty-eight hours, and would not incur liability for damages for so holding them for such time unless the same were caused by other negligence of defendant. The court refused the charge, and stated as a reason therefor that he had fully verbally instructed the jury as to the rights and liabilities of defendant upon each item of the account. De-fendant argues that as the contract of shipment was from a point within this State to a point in the State of Louisiana, the following statute of the United States should control:

"No railroad company within the United States whose road forms any part of the line of road over which cattle, sheep, swine, or other animals are conveyed from one State to another  \*  \*  \*   shall confine the same in cars  \*  \*  \*   for a longer period than twenty-eight consecutive hours without unloading the same for rest, water, and feeding for a period of at least five consecutive hours, unless prevented from so unloading by storm or other accidental cause." U. S. Rev. Stats., art. 4386.

Other sections of the law provide for the enforcement of the section above quoted by forfeiture and penalties. We do not think this statute was intended to fix a period during which a railroad company could, with-out incurring liability, hold on its cars cattle without unloading for the purposes named. The statute was not to grant a privilege to the carrier and allow it to so confine the stock, whether it would be negligent or not in so doing. The statute was to prohibit the confinement of stock on the cars longer than the time named, and to fix penalties for the violation of the provision. The question of negligence or not on the part of the car-rier in handling the stock, unloading, feeding, and watering, for which a civil action might lie for damages, are still left as at common law, not-withstanding the statute.

Defendant complains of error on the part of the court for refusing the new trial asked, because all the items of damage in the account from

Taylor to Longview, Texas, are not supported by the evidence, and are contrary to the same, the written statement of the plaintiff, and the testimony of seven persons showing that the stock was delivered to the Texas Pacific Railway Company at Longview in good order and condition. Plaintiff signed statements along the route at Palestine, Longview, and Goldsboro acknowledging that the stock arrived at such places in fair or in good condition.

These statements of plaintiff are not binding upon him or conclusive of the facts stated if they are in fact untrue. They are not contracts; they are only his admissions of the facts. He says the conductor who obtained them from him did so upon the representations that they were for use of the conductor in his report to his company, and to show that no accident occurred while such conductor was in charge of the stock.

Plaintiff testified that the statement handed him at Goldsboro, Louisiana, was handed to him by the conductor at night for his signature, and he was not given time to read it. "I did not know what it contained, but the conductor represented to me that it was only to show that there was no accident while he was in charge of the train and merely to settle matters between himself and his company. In the hurry I signed the paper under these circumstances, but had no chance to see my stock, and would not have signed it if I had known what it contained, because my stock was not in good condition. Similar representations were made to me by the other conductors on the run about the papers which they asked me to sign. I did not know their contents, but relied on the representations of the conductors, and I would not have signed any of these reports if I had known their contents, because the matters they contained concerning the condition of my stock were untrue."

Without going further into detail of the evidence, we deem it enough to say that the evidence of the plaintiff shows that his stock was injured as stated in his account by the negligence of the defendant in failing to furnish suitable pens in which to unload the same and to feed and water them. The pens where they were unloaded at Taylor, at Longview, and Goldsboro were muddy, boggy, supplied with no troughs or racks in which to feed, and the provender ordered for them by plaintiff was trampled in the muddy ground by the stock and did them little or no good. Besides it is shown that the plaintiff did not have as frequent opportunities to unload and feed the horses as he should have had, the defendant refusing to stop for such purpose, as was required for the safe transportation of the same. The evidence shows that these horses were considerably injured and damaged by mistreatment and negligence on the part of the defendant's servants. There is ample evidence to support the verdict of the jury.

There is a conflict in the statements of the witnesses, and there is a positive contradiction of plaintiff's evidence and the written statements made

by him; but, as we have seen, such statements may be disputed, and we think this has been successfully done    1 Greenl. on Ev., secs. 204, 209, 212.

Finding no error as complained of by appellant, it is our conclusion that the judgment of the court below should be affirmed.

*Affirmed.* ·