C. F. BYERS ET AL. v. R. J. THACKER ET AL.

Decided April 4, 1906.

**1.—Incompetent Evidence—Necessity of Objection.**

If a deed of trust and notice of sale thereunder, attached as exhibits to plaintiff's bill for injunction, were read in evidence without proof of their execution, and without objection by appellant, they were competent evidence of what they indicated.

**2.—Presumption in Favor of Judgment.**

It appearing from the statement of facts that the pleadings of the plaintiff were read to the jury, it must be supposed that the documents annexed to the petition as exhibits were before the jury as evidence, and the judgment was therefore supported by evidence.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*Byers & Byers*, for appellant.

*J. M. Gibson*, for appellees.—The deed of trust having been exhibited as a part of the plaintiffs' sworn petition, and read to the jury, proof of its execution was admitted, and proof thereof was not required in law. No plea denying the execution of same or disclaimer being filed by defendant. Rev. Stats. art. 1265; Town of Pearsall v. Woolls, 50 S. W. Rep., 959.

The notice of sale executed by defendant Byers and the recitals in the release signed by the executors of Lucinda Oates sufficiently proved the execution of the trust deed.

The notice of sale being a written instrument, and exhibited as a part of plaintiffs' petition, will be taken as true and as admitted with all of its recitals. The defendants not having filed a sworn answer denying its execution or any disclaimer thereto. Rev. Stats., art. 1265; People v. Snyder, 41 N. Y., 397; Rupley v. Welch, 23 Cali., 453; Longley v. Caruthers, 64 Texas, 287; Austin v. Townes, 10 Texas, 24; International & G. N. Ry. v. Tisdale, 74 Texas, 8; Houston & T. C. Ry. v. Chandler, 51 Texas, 521.

A general denial to a sworn petition admits all of the exhibits and their recitals and proof of same is not necessary. Town of Pearsall v. Woolls, 50 S. W. Rep., 959; May v. Finley, 91 Texas, 354; Henry v. Watson, 109 Ala., 335.

The plaintiffs were entitled to a judgment perpetuating the injunction without other proof than the sworn petition and the exhibits, in the absence of a plea, especially denying the facts of the bill or the execution of the exhibits. Hughes v. Tinsley, 80 Va., 259.

The proof was sufficient to sustain every material allegation of the petition, and entitled plaintiffs to the injunction. Lindsay v. Freeman, 83 Texas, 263; Henderson v. Lindley, 75 Texas, 189; Borden v. Houston, 2 Texas, 604; Babb v. Carrol, 21 Texas, 768; Burnett v. Henderson, 21 Texas, 589; Kimbro v. Hamilton, 28 Texas, 568; Polk v. Chaison, 72 Texas, 502.

JAMES, CHIEF JUSTICE.—This was a bill brought by appellee Thacker and his children praying that C. F. Byers and the other defendants be temporarily enjoined from proceeding with an advertisement or sale of certain land in connection with a deed of trust, and that the deed of trust be declared void and of no effect and said injunction be made perpetual on final hearing. The petition contained as exhibits a copy of the alleged notice of trustee's sale purporting to be signed by C. F. Byers, substitute trustee, also the deed of trust alleged and upon which the notice was according to its recitals based.

The temporary injunction issued and upon final hearing the judge directed the jury to return a verdict for the plaintiffs, and upon this verdict decree was entered.

Whether or not the peremptory instruction can be sustained depends upon whether or not the above exhibits were made evidence in the case. There is no bill of exceptions in the record showing objections made to any testimony introduced, hence any documents which were allowed to be introduced without proof of their execution, were competent testimony of what they indicated.

The propositions contended for in appellants' brief are:

1. Appellees having pleaded the execution of a deed of trust by R. J. Thacker to W. L. Sherman as trustee . . . it was material for appellees to prove the execution of such deed of trust and note and having failed to introduce evidence thereof the trial court was not justified in instructing a verdict for appellees.

2. Appellees having pleaded that Chas. F. Byers and the other appellants had procured a notice of sale to issue to plaintiffs and had caused said land to be advertised for sale in "The Press," an alleged newspaper published in Houston, Texas, and had given notice to appellees that they would sell the land in question on the 6th day of December, 1904, and were threatening to sell said lands and make deed thereto, it devolved on appellees to sustain said allegations by offering evidence tending to prove such acts and in the absence of any proof thereto, the trial court erred in the instruction.

3. Plaintiffs having failed to sustain by any evidence their allegations that appellant had given notice of the sale of said property, had advertised same for sale, or were threatened to sell same, the court should have instructed the jury to find for appellants.

The above are all the reasons assigned for setting aside the decree.

The statement of facts reads: "Be it remembered that this cause being upon trial before the court and jury, the following evidence was submitted to the jury. The pleadings of the plaintiffs and defendant having been read to the jury, the plaintiff introduced in evidence the following:" etc. Otherwise the notice of sale is not referred to in the statement of facts.

If that part of the record made for the purpose of exhibiting the evidence, is susceptible of an interpretation which will support the judgment that interpretation ought to be given it. (Elliott App. Proc., sec. 172.) Our construction of the part of the statement of facts quoted is that the pleadings went to the jury, in connection with other evidence, and that the documents annexed to the petition as exhibits were before the jury as evidence. Else why should the fact that the pleadings were read to the jury find mention in the statement of facts. If there is an uncertainty about this matter it should be resolved in favor of the judgment. (See Thurman v. Blankenship & Blake Co., 79 Texas, 178.)

As the record indicates that instruments which evidenced the matters of which appellants say there was no proof, were submitted to the jury the judgment will be affirmed.

*Affirmed.*

Writ of error refused.