CUNNINGHAM v. M. W. & B. G. DAVES.

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1911.)

1. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE.

District Court rule 31 (67 S. W. xxiii) provides that plaintiff shall have a right to open and conclude, unless defendant admits that plaintiff has a good cause of action, as alleged, except as it may be defeated by the facts of the answer established at trial; and Rev. St. 1895, art. 1297, provides that the party upon whom burden of proof rests shall first introduce his evidence. Held, in an action to recover an amount deposited with defendant banker, against which he refused to honor a check, in which defendant admitted giving a deposit slip for the sum alleged, but claimed that the credit was given in consideration of plaintiffs' agreement to drill wells to a certain depth, and that they falsely represented that the wells had been driven as agreed, that it was error to deny defendant the right to open and close.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**2. TRIAL (§ 251*)—INSTRUCTIONS—APPLICABILITY TO ISSUES.**

In an action against a banker to recover an alleged balance, defendant claimed that he gave plaintiffs credit for a certain sum in consideration of their boring wells for him to a depth of not exceeding 500 feet, provided plaintiffs did not obtain sufficient water before reaching such depth; and that they falsely represented to him that the wells driven would supply sufficient water. The court instructed to find for defendant if plaintiffs agreed to bore the wells to a depth to reach a sufficient flow of water to furnish an adequate water supply, but did not bore the wells to a depth sufficient to reach such quantity. *Held*, that the instruction was erroneous, as requiring a finding that plaintiffs guaranteed to furnish a sufficient supply of water, in order to authorize defendant to recover, when, under the agreement as alleged by defendant, plaintiffs were only bound to sink the wells to a depth of 500 feet in attempting to procure an adequate water supply.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 592; Dec. Dig. § 251.*]

**3. WORK AND LABOR (§ 14*)—PARTIAL PERFORMANCE.**

If plaintiffs, who agreed to dig wells for defendant, not exceeding 500 feet, unless they sooner got water, believed that they had obtained a sufficient quantity of water to comply with their contract, and immediately upon learning of their mistake offered to return and finish the wells to that depth, if they did not sooner obtain water, and defendant refused to allow them to continue the work, they could recover for the work already done upon the quantum meruit.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 29–33; Dec. Dig. § 14.*]

**4. SET-OFF AND COUNTERCLAIM (§ 28*)—SUBJECT-MATTER.**

In an action to recover a part of an amount alleged to have been deposited with defendant as a banker, on the ground that defendant refused to honor a check drawn thereon, defendant alleged that the alleged deposit was credited to plaintiffs in his bank in consideration of plaintiffs' drilling certain wells on defendant's land to a depth of 500 feet, unless a sufficient supply of water for defendant's stock was sooner obtained; and that plaintiffs dug wells, and falsely represented that they had obtained sufficient, when in fact the wells would not furnish a sufficient water supply, and one of the wells was crooked, so that it could not be sunk to a greater depth; and that, upon plaintiffs' representation that it was properly dug, defendant purchased casing therefor to a certain amount, which could not be withdrawn, in order to sink the well deeper, because of the manner in which it was dug, compelling defendant to sink another well, leaving the casing and well an entire loss. *Held*, that defendant's cross-action arose out of the same transaction as the right of action set up by plaintiffs.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 47, 48; Dec. Dig. § 28.*]

Appeal from Palo Pinto County Court; J. C. Houts, Judge.

Action by M. W. & B. G. Daves against J. L. Cunningham. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

J. T. Ranspot and Penix & Eberhart, for appellant. E. B. Ritchie, for appellees.

## Findings of Fact.

JENKINS, J. This suit was originally brought in the justice's court upon oral pleadings.

Upon the trial in the county court, the pleadings were reduced to writing, and are, in substance, as follows: The plaintiffs alleged that on or about June 19, 1909, they deposited with the defendant, who was a banker, the sum of $250, and thereafter checked on said account $169.65, leaving a balance due on said deposit of $80.35; that on September 24, 1909, they drew a check for said amount, the payment of which was refused by the defendant.

Defendant answered, admitting that he owed the plaintiffs the sum set out in their petition, subject to be defeated by the facts pleaded by him, which were, in substance, that in the spring or early summer of 1909, he entered into a verbal contract with the defendants, by the terms of which they were to dig for him two wells to the depth of 400 or 500 feet, unless they should obtain at a less depth sufficient water to keep an ordinary windmill in operation, and to furnish sufficient water for defendant's stock, and that defendant was to pay them for said work 65 cents per foot for the first hundred feet and 80 cents per foot for the balance, of whatever depth said well should be dug; that plaintiffs dug a well for defendant 165 feet deep in what is known as the Holderness pasture, belonging to defendant, and reported to defendant that they had obtained an abundance of water sufficient to run a windmill and supply water to defendant's stock, as agreed upon; that, relying upon said statement, and believing the same to be true, defendant permitted plaintiffs to move their well machinery to another pasture belonging to defendant, known as the West pasture, where plaintiffs sunk a well 165 feet, and made a like report as to said well; that, believing said statements to be true, and relying upon them, the defendant gave a credit to plaintiffs in his bank for the sum of $250, and gave them a deposit slip for the same, and afterwards, before discovering the falsity of said representations, permitted them to withdraw all of said deposit, except the sum of $80.35; that in truth and in fact he had never paid plaintiffs for digging said wells, except as above stated; and that he owed them said sum of $80.35 for said work, provided the same was done according to the contract. He alleges that in truth said wells did not furnish sufficient water to run a windmill, nor to water his stock, but they would furnish only a few barrels a day; that the well in the Holderness pasture was crooked in such a way that it could not be used in sinking said well to a greater depth; that upon the representation of plaintiffs that said well was properly dug, and furnished the amount of water agreed on in said

contract, and at the special instance and request of plaintiffs, he purchased casing for the well in the Holderness pasture to the amount of $58.82; that he afterwards attempted to have said last-mentioned well sunk deeper, which could not be done in any event, and especially without withdrawing said casing, and that, on account of the manner in which said well was dug, the casing could not be withdrawn; that he was compelled to have another well sunk, and said mentioned well and casing were entirely lost to him.

The evidence in the case sustains all the allegations in defendant's answer.

### Opinion.

[1] 1. Appellant assigns as error the refusal of the court to permit him to open and close the case. In addition to the plea of the defendant, as above set out, acknowledging the indebtedness, unless the same be defeated by the matters pleaded by him, on the beginning of the trial he filed a motion and request that he be permitted to open and close the case, and a like motion and request as to opening and closing the argument. This motion was overruled, and defendant was not permitted to open and close the case or the argument. In this the court erred. Article 1297, Rev. Stat.; Dist. Ct. rule 31 (67 S. W. xxiii). "The right to open and conclude under the condition of the rule referred to (rule 31 for district courts) is a substantial and valuable right." Smith v. Bank, 74 Tex. 457, 12 S. W. 113.

[2] 2. We sustain appellant's assignment of error as to the fourth paragraph of the court's charge, wherein the court instructs the jury that they would find for the defendant, provided they found that the plaintiffs agreed to bore said wells to a depth to reach sufficient flow of water to run defendant's windmill, and furnish him with a sufficient supply of water, and further find that they did not bore said well to a sufficient depth to reach such quantity of water. Under this charge, the jury could not do otherwise than find against the defendant, for the reason that he did not allege that the plaintiffs guaranteed a sufficient quantity of water, or that they were to bore a sufficient depth to obtain sufficient water to run defendant's windmill or water his stock, but only that they were to bore to a depth, not exceeding 500 feet, provided they did not obtain a sufficient quantity of water before reaching such depth. The defendant himself testified that the plaintiffs did not guarantee a sufficient quantity of water to run his windmill or water his stock, but that they did agree to bore to any depth defendant required under 500 feet, in order to obtain such quantity of water. The evidence shows that they could have obtained such quantity of water at about 350 feet, as defendant afterwards had wells sunk at the places where plaintiffs undertook to sink said wells, and obtained a sufficient supply of water at about that depth.

[3] 3. The plaintiffs, in reply to defendant herein, alleged that the representation made by them as to the amount of water in said well was made in good faith, and that they were ready and willing, and offered, upon discovering that said well did not furnish the amount of water required by the contract, to return and finish said well; and upon this the court charged the jury that, in order for the defendant to recover on his crossaction, they must find that the plaintiffs did not offer to return to said well within a reasonable time, and sink the same to the depth required by the defendant. The issue here is as to the well in the Holderness pasture. It seems from the evidence that the plaintiff used the well dug by plaintiffs in the West pasture, and had the same bored to a sufficient depth to obtain water, and that he is not claiming any damages by reason of the failure of the plaintiffs to obtain water in said well; but that, as to the well in the Holderness pasture, he claims that on account of the same being dug crooked and cased, and his inability to withdraw said casing, that the same had to be abandoned, and it was worthless to defendant. As to the offer to finish the work, we think that if plaintiffs believed that they had obtained a sufficient quantity of water to comply with their contract, and that upon learning of their mistake they offered to return and finish said well, and that they could have sunk said well to a sufficient depth to obtain water, and that defendant refused to allow them to thus comply with their contract, they should be paid for the work done upon quantum meruit. The evidence indicates that they did not offer to return at once and finish said work, but only when it suited their convenience; that is, when they had finished other work which they had contracted to do. In order for them to avail themselves of their offer to finish the well, it must appear from the evidence that they could have done so, and would have done so at once, but for the refusal of the defendant to allow them so to do.

[4] 4. Appellees file cross-assignments in this case, to the effect that their exception to defendant's cross-action ought to have been sustained, for the reason that his cause of action did not grow out of the same transaction. We overrule this assignment of error.

For the reasons herein stated, the judgment of the trial court is reversed, and this cause is remanded.

Reversed and remanded.