TEXAS CENT. R. CO. v. McCALL et al.
(No. 600.)

(Court of Civil Appeals of Texas. Amarillo. April 11, 1914. On Motion for Rehearing, May 16, 1914.)

1. APPEAL AND ERROR (§§ 215, 263*)—QUESTIONS REVIEWABLE—INSTRUCTIONS—OBJECTIONS—WAIVER.

Where no objection was made and no exception taken to a charge, as required by Acts 33d Leg. c. 59, the giving of the charge must, as required by Rev. St. 1911, art. 2061, as amended by such act, be regarded as approved, and appellant cannot complain thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314, 1516–1523, 1525–1532; Dec. Dig. §§ 215, 263.*]

2. APPEAL AND ERROR (§ 562*) — RECORD — STATEMENT OF FACTS.

Under Rev. St. 1911, arts. 2068, 2070, and district court rules 72–74 (67 S. W. xxv), prescribing the manner of preparing statements of facts, instruments or parts of them bearing on a question presented should be copied into the statement of facts, and the original instruments should not be attached to it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2495–2499; Dec. Dig. § 562.*]

3. ESTOPPEL (§ 58*)—PREJUDICE TO CARRIER—CONDITION REPORT OF SHIPPER.

A carrier not misled nor induced to refrain from doing any act, the performance of which would have placed it in a better condition, cannot rely on estoppel to bind a shipper of live stock to condition reports signed by him.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 144, 145; Dec. Dig. § 58.*]

4. EVIDENCE (§ 265*) — TRANSPORTATION OF LIVE STOCK—CONDITION REPORTS—CONCLUSIVENESS.

Statements in stock condition reports signed by a shipper as an accommodation to the conductor, and without having been read, and only to indicate that the shipment had reached the terminus of the carrier's line, are not binding on the shipper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

On Motion for Rehearing.

5. CARRIERS (§ 177*) — CARRIAGE OF LIVE STOCK—DAMAGES—LIABILITY.

The object of Rev. St. 1911, art. 1830, subd. 25, providing that, where freight has been damaged in transit over two or more railroads, the damage shall be apportioned among the railroads, is to relieve the shipper of the burden of proving the damage accruing on each line, and the initial carrier is liable for all damage, and an apportionment is necessary only as between the carriers.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 775–789, 791–803; Dec. Dig. § 177.*]

6. CARRIERS (§ 218*) — CARRIAGE OF LIVE STOCK—LIMITATION OF LIABILITY—VALIDITY.

A statement in a contract for the shipment of live stock that the condition of the cars and bedding was satisfactory, did not relieve the carrier from liability for failure to properly bed the cars; otherwise the stipulation would limit the common-law liability of the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

Appeal from Fisher County Court; L. C. Miller, Judge.

Action by J. S. McCall against the Texas Central Railroad Company and another. From a judgment for plaintiff, defendant named appeals. Affirmed.

Spell & Sanford and W. W. Naman, all of Waco, and Chas. C. Huff, of Dallas, for appellant. Jno. W. Woods, of Rotan, L. H. McCrea and L. B. Allen, both of Roby, and Douthit & Smith, of Sweetwater, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

HALL, J. Appellee, McCall, instituted this suit against appellant and the Texas Pacific Railway Company to recover damages growing out of a cattle shipment from Rotan, Tex., to Ft. Worth, Tex. It was alleged that on account of negligent handling and the manner in which the cars were bedded by the Texas Central Railroad Company at point of origin, and on account of the negligent delay and the jerking and jarring of the cars in transit over the lines of both companies, plaintiff was damaged in the sum of $840.

The Central Company answered generally, and specially that the plaintiff entered into a written contract with it, by the terms of which he agreed he would be estopped from denying the condition of the bedding, as shown by the condition report signed by himself.

By supplemental petition, plaintiff denied the execution of the condition report, and pleaded further that, if he signed the report, it was done only as an accommodation to the conductor, and without plaintiff's having read the same, and for the purpose only of indicating that such shipment had reached the terminus of said company's line, and for no other purpose, intent, or reason.

The Texas & Pacific Company, by special answer, alleged that the cattle were shipped under a written contract for through carriage; that they received the same from the Texas Central Company at Cisco for transportation to Belt Junction, where the shipment was delivered to the Ft. Worth Railroad Company.

Upon a trial before a jury there was a verdict and judgment in the sum of $250, with interest and costs of suit.

[1] The first assignment of error is predicated upon the third special charge requested by the Texas & Pacific Company and given by the court, referring to the duty resting upon the Texas & Pacific Company in the movement of said shipment on the first regular train passing through Cisco in the direction of Ft. Worth. No objection was made and no exception taken to this action on the part of the court, as required by Acts 33d Leg. c. 59, p. 113, and, under article 2061 of that act, the giving of such charge must be regarded as approved by appellant. Q., A. & P. Ry. Co. v. Galloway, 165 S. W. 546.

[2] The eighth and twelfth assignments, as contained in the motion for new trial, are submitted by appellant together as his second assignment of error, and refer to the condition report, which is signed by appellee, McCall, and which states that the bedding in the cars was good. The statement of facts in this case has attached to it, as exhibits, two condition reports, three bills of lading issued by the Texas & Pacific Railway Company, and three issued by the Texas Central Railway Company, which show to be the original bills upon which the cattle were transported. This method of preparing a statement of facts is not in accordance with rules 72, 73, and 74 of the district court (67 S. W. xxv) and articles 2068 and 2070, R. S. 1911. These papers, or such parts of them as bore upon the questions presented, should have been copied into the statement. The contracts were not attached as exhibits to the pleadings, and the proper practice in such cases is clearly stated in Byers et al. v. Thacker et al., 42 Tex. Civ. App. 492, 94 S. W. 138.

[3] We have, however, considered the statement of facts in connection with the assignments, and we find that appellant offered no testimony to prove that by reason of the statement contained in the condition report with reference to the bedding, that it was misled and induced to refrain from doing any act, the performance of which would have placed it in a better condition, and there is therefore no estoppel.

[4] We think, further, the conditions under which appellee, McCall, signed this report would not have the effect of making the statement binding upon him. M., K. & T. Ry. Co. v. Gober, 125 S. W. 383; Mo. Pac. Ry. Co. v. Ivey, 79 Tex. 444, 15 S. W. 692; Mo. Pac. Ry. Co. v. Fennell, 79 Tex. 448, 15 S. W. 693; St. L. etc., Ry. v. Turner, 1 Tex. Civ. App. 625, 20 S. W. 1008.

The judgment is affirmed.

### On Motion for Rehearing.

[5] The appellant insists that we erred in refusing consideration of its first assignment of error, and in disposing of the same upon the ground that no exception was taken by appellant to the motion of the court in giving the special charge requested by the Texas & Pacific Railway Company, and insists further that, if the rule prescribed by the statute quoted is to be enforced against it, then, because the statute provides that the special charges, shall be "submitted to opposing counsel for examination and objection," as provided by amended article 1973, Vernon's Sayles' Ann. Civ. St. 1914, and because the record shows this special charge was not submitted to appellant's counsel, we should consider the assignment. We have inspected the pleadings, and find no issue or contest of any character between appellant and its connecting carrier. Neither of the carriers in this case asked that the damages, if any, be apportioned. Fly, J., in G., H. & S. A. Ry. Co. et al. v. Young & Webb, 148 S. W. 1113, held under the laws of 1899, p. 214 (Statutes of 1911, art. 1830, subd. 25), providing, where freight has been damaged in transit over two or more railroads that the damages shall be apportioned among the railroads, that the object of the act is to relieve the shipper of the burden of proving the damages accruing on each line, the initial carrier being liable to him for all damages, and the apportionment being necessary only as between the two carriers, and uses this

language: "It is a matter to be adjusted between them, and, if it has not been satisfactorily done, they should not complain of appellees, but assail each other." While they filed separate answers, their position is the same as if a joint fight had been made by the railway companies against plaintiff's right to recover. There is nothing in the pleadings of the carriers to indicate that either was opposing the other, and the statute does not therefore apply. Our conclusion from an examination of the record is that the matter of apportionment of damages between the defendants was not an issue and if we should admit that the court erred in giving the charge in question, appellant cannot be heard to complain.

[6] Appellant further insists that we erred in overruling the eighth and twelfth assignments. We were misled by appellant's brief in calling the paper referred to in this assignment a condition report, and by considering it as such. This paper, which appellant sought to plead as an estoppel, is its blank form No. 112. The upper half of it is an order for cars; the lower half, as filled out, is termed "agent's record," and is a brief statement of the date when the cars were ordered by wire and when they were received. It further gives the hour when the shipper was notified to load, when his cattle were penned, when the loading commenced, when it was finished, states that the condition of the cars and bedding was good, that they were bedded with sand, and, opposite this question, "Were cars bedded to satisfaction of shipper?" is written "Yes." Following this is: "I certify the above statement is correct." This is signed: "J. S. McCall, Shipper in Charge. L. M. Smith, Agent T. C. R. R. Co."—in the order named. At the bottom of this form is a note of instructions to agent with reference to the making of this record, directing that it be filled up in duplicate, mailing duplicate to trainmaster, and further instructing that, when shipments have been loaded and forwarded, all messages shall be attached to the original and sent, along with the duplicate of the contract covering the shipment, to the general freight agent of appellant. Section 11 of the bill of lading, and which was pleaded by appellant, provides that the shipper shall furnish reports to the conductor of the train at the end of each division as to the condition of the cattle, and shall be estopped from denying the truth of such reports. We find attached to the statement of facts the statement referred to in this section of the contract, but the instrument first above described is clearly not this condition report, and appellant has not faithfully briefed the case in this particular. Court of Appeals rule 31. The paper under discussion is not a part of the contract of shipment. No consideration is expressed in it, and none can be implied. The statement therein that the condition of the cars and bed was good and satisfactory, even if it was a part of the contract, would not relieve appellant from liability. G., C. & S. F. Ry. Co. v. Cunningham, 51 Tex. Civ. App. 368, 113 S. W. 767; S. A. & A. P. Ry. Co. v. Dolan, 85 S. W. 302. It is admitted in the motion that the duty to properly bed the cars was primarily upon appellant. The record shows that McCall had no knowledge of the contents of the paper when he signed it, and that he had not seen the bedding in the cars. If we admit that McCall had inspected the bedding and had expressed himself as being satisfied with it, nevertheless, if thereafter the bedding proved to be insufficient, he would not be estopped from setting up that fact. We further think, too, that if this statement, which seems to be nothing more than an "agent's record" for the information of his principal, had been by proper reference made a part of the shipping contract, its effect would tend to limit the common-law liability of appellant, and it would for that reason be void. G., H. & S. A. Ry. Co. v. Silegman, 23 S. W. 298. We are at a loss to know why this paper should have been offered or admitted in evidence. It has no more binding effect upon appellee, McCall, than any other private communication between appellant's agents and officers, and the fact that his signature appears thereon does not alter the rule.

The motion for rehearing is therefore overruled.