### SMITH v. PATTERSON. (No. 8991.)

Court of Civil Appeals of Texas. Galveston.
May 5, 1927.

Rehearing Denied May 26, 1927.

**1. Appeal and error ⬤⇒1050(1)—Admission of testimony of plaintiff well driller and another, concerning contract with defendant and conversations relative thereto, held not error, where facts were otherwise shown.**

In action by well driller for owner's failure to furnish suitable material in accordance with contract, admission of testimony that witness had contract with defendant to drill certain wells, and of plaintiff's testimony detailing conversations concerning such contract with the other witness in absence of defendant, held not error, where such facts were otherwise shown.

**2. Evidence ⬤⇒519—Well driller, after qualifying as expert, could express opinion that well would have produced usable water.**

In well driller's action for owner's failure to furnish suitable material as agreed, plaintiff's opinion testimony that water from well would have been flowing artesian water suitable for people and stock held properly admitted, where he had qualified as expert water well driller.

### On Motion for Rehearing.

**3. Appeal and error ⬤⇒931(1)—Every presumption will be indulged favoring general judgment of court not filing findings or conclusions and trying case without jury.**

Where case is tried by court without jury, and general judgment rendered without findings or conclusions, every presumption not inconsistent with record will be indulged in favor of judgment on appeal.

**4. Contracts ⬤⇒324(1)—Well driller's action for owner's failure to furnish suitable material as agreed held based on contract.**

Well driller's action against owner for latter's failure to furnish suitable material as agreed, thereby preventing plaintiff from performing contract, held not based on quantum meruit, but on breach of contract.

**5. Contracts· ⬤⇒314—Well driller, prevented from completing contract by owner's failure to furnish suitable pipe, may recover damages.**

Owner of land, who failed to furnish well driller with suitable pipe for well as agreed, thereby preventing latter from performing contract on his part, held liable in damages.

Appeal from District Court, Brazoria County; W. S. Sproles, Special Judge.

Action by W. E. Patterson against T.˙L. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

A. E. & Carlos B. Masterson, of Angleton, for appellant.

Wilson & Follett, of Angleton, for appellee.

GRAVES, J. This was a controversy over a verbal contract between them for the drilling of some water wells for appellant by appellee, under which the former was to furnish materials and the latter do the work at a stipulated price per foot; on a trial of the court, sitting without a jury, the appellee was awarded damages in the sum of $323.90 as for appellant's failure to furnish suitable material, as agreed, thereby preventing the appellee from performing the contract upon his part.

The appeal protests against the judgment on a number of grounds; the main ones being: (1) That appellant's general and special exceptions to his opponent's pleadings, as well as his plea ˙of two years' limitation against the cause of action, should have been sustained; (2) that the court erred both in permitting Luther Patterson to testify that he had a contract with appellant to drill two artesian and two pump wells, or one artesian and three pump wells, and in letting the appellee himself detail conversations concerning such contract between himself and Luther Patterson, held between them in the absence of appellant; (3) the appellee's contract being one to furnish and deliver a completed artesian well, flowing artesian water, and he having failed to do so, he was not entitled over objection to testify, either that the water therefrom would have been flowing artesian water suitable for both people and stock, had the well been completed, or as to what caused his failure to complete it; (4) the court erred in not holding under the facts that the appellee accepted the pipe furnished him by appellant for ·the drilling of a completed artesian well, and then breached his contract by not only failing to complete and deliver such a well, but in losing the pipe, thereby terminating all liability of appellant to him.

In our opinion none of these contentions can be sustained. We here quote this much from appellee's brief as correctly reflecting what the record shows, as well as the properly inferable legal conclusions therefrom:

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The testimony of the respective parties was somewhat conflicting, but, since judgment was rendered in favor of the appellee as to a portion of his claim, the facts of course will be resolved in his favor by this court so as to sustain the judgment of the trial court. Therefore appellee's version will be accepted.

"Appellee, in brief, proved a contract between himself and appellant under which he was to drill two artesian water wells and two pump wells, or, if the first artesian well was too deep (this to be decided by appellant), then he was to drill one artesian water well and three pump wells.

"Appellant contracted to furnish pipe, casing, and strainers for the wells.

"Appellee was to be paid for his work at the rate of 80 cents per foot.

"Appellant furnished appellee with certain secondhand pipe, and appellee began the drilling of a well. He reached a depth of about 500 feet, when, by reason of the inferior and defective secondhand pipe furnished to him by appellant, the well was lost without any negligence on the part of appellee. Immediately thereafter, appellant instructed appellee to continue the drilling of said well. Appellee, before again beginning work, warned appellant that the pipe and casing he had furnished him for the work was defective and unfit to be used in the work, and protested against being required to use it. Appellant, however, instructed the appellee to use it, and did not procure and furnish appellee other pipe and casing.

"In pursuance of the instruction of appellant, appellee again began drilling the well and reached a depth of 658 feet. At that depth or a slightly lesser depth, an artesian water sand was encountered. If this well had been completed at the 658-foot depth, according to appellee, who had qualified as an expert water well driller, it would have flowed drinkable water.

"However, at this depth the well was lost, the pipe, by reason of its inferior and unfit quality, giving way and parting, without any negligence on the part of appellee. After the giving way and parting of the pipe, appellee was unable to proceed with the work on account of the condition of the hole, and the further fact that he did not have on hand sufficient pipe or casing to continue the work or begin the drilling of another hole. Appellee informed appellant of these facts and requested appellant to furnish to him the pipe and casing necessary to be used in the work so that he could proceed, advising appellant that, if he would do this, there would be no charge for the two lost holes. Appellant refused to furnish appellee the pipe and casing, and refused to permit him to proceed with the work. Each of the pump wells would have been 480 feet deep.

"Appellant was satisfied with the depth of 658 feet as not being too deep for the artesian well.

"Appellee proved the amount of his expenses in the work he did, as well as the amount of expenses he would have incurred in the drilling of the wells not drilled. He sued for $1,874.80, or, in the alternative, for $1,636.40, and recovered judgment for $323.90 and interest.

"Therefore it will be readily seen that the failure on the part of appellee to complete the contract was caused by the failure of appellant to abide by his contract to furnish to appellee suitable pipe, casing, and strainers to be used in such work, and in refusing to permit appellee to proceed with the work."

Among others, appellee cites in support of his right to the recovery, in the circumstances thus outlined, these authorities: Hahl v. Deutsch, 42 Tex. Civ. App. 1, 94 S. W. 443; Hoppes v. Williams (Tex. Civ. App.) 213 S. W. 328; Holiday Oil Co. v. Smith, 100 Okl. 172, 228 P. 775; McPherson v. San Joaquin County, 6 Cal. Unrep. 257, 56 P. 802; McConnell v. Corona; 149 Cal. 60, 85 P. 929, 8 L. R. A. (N. S.) 1171; Holiday v. Smith, 100 Okl. 172, 228 P. 775; Mitchell v. Boyce (Tex. Civ. App.) 120 S. W. 1016; Thompson v. Brown, 106 Iowa, 367, 76 N. W. 819; Cunningham v. Daves (Tex. Civ. App.) 141 S. W. 808.

[1, 2] We agree that they sustain the adjudication. The exceptions to the amended petition were all properly overruled, because it fully set out the appellee's cause of action as resting mainly upon averments to the effect that he contracted to drill specified wells —that is, one or two wells into the artesian water sands, and two or three pump wells—at a stipulated price per foot of depth, the pipe, casing, and strainers for which were to be furnished to him by the appellant, and that, after incurring the damage to himself in the effort, he was prevented from completing his engagement by reason of the latter's failure and refusal to furnish him suitable material for the purpose as agreed, thereby blocking his further performance; the cause of action was not barred, as claimed, because it arose out of a contract which was declared upon in both the original and amended petitions, although it was more fully stated in the amended one; there was no material error in admitting the testimony by either Luther Patterson or appellee complained of, because it was otherwise shown what the contract was, and that appellant authorized the arrangement between the two Pattersons that the conversation between them detailed. Neither was the appellee interdicted from giving it as his opinion that the artesian water sand he found would have produced suitable flowing and usable water, since he had qualified as an expert water well driller, with extensive experience in such matters.

The other specific points made have been disposed of in what has otherwise been said, and need not be further discussed.

Upon the cause as a whole, we conclude that the judgment rendered has not been shown to lack sufficient support in either the pleadings or proof. It will therefore be affirmed.

Affirmed.

On Motion for Rehearing.

While still unable to accept his view of the case, in deference to the motion of able coun-

sel for appellant, this additional statement is made upon reconsideration.

[3] The cause having been tried by the court without a jury, a general judgment in appellee's favor rendered, and no findings of fact or conclusions of law being filed below, the rule upon appeal is:

"Every presumption not inconsistent with the record will be indulged in favor of the judgment, and any doubts as· to the facts raised by the evidence and any view of the law which the trial court could have applied under the pleadings and evidence in the case will be resolved in support of the judgment." Byers v. Thacker, 42 Tex. Civ. App. 492, 94 S. W. 138; Campbell v. Teeple (Tex. Civ. App.) 273 S. W.· 304; Cisco & N. E. Ry. Co. v. Texas Pipe Line Co. (Tex. Civ. App.) 240 S. W. 990·; Diltz v. Dodson (Tex. Civ. App.) 207 S. W. 356; First State Bank of Amarillo v. Jones (Tex. Civ. App.) 171 S. W. 1057; Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. ·690; King v. Pond (Tex.· Civ. App.) 283 S. W. 607; Robertson v. Lee (Tex. Civ. App.) 230 S. W. 730. ·

After again contending that appellee's amended petition sought recovery on a quantum meruit basis, while his original one declared upon a breach of contract, appellant's position further asserts now, as it likewise did on original hearing, that the evidence shows: (1) That appellee unconditionally undertook to furnish a completed artesian well, and, through his own fault, failed; (2) that he accepted the secondhand pipe furnished him as suitable, without protest or objection at the time; (3) that he was negligent in leaving the pipe standing in the hole from Saturday afternoon till the following Monday morning, and, on then finding it stuck, in violently operating his rotary in an effort to release it.

[4] We must adhere to our former conclusion that the suit was at no time based on a quantum meruit; in both the original and amended petitions a breach of the contract by appellant was declared upon, in that he had failed to furnish the suitable pipe he obligated himself for, thereby preventing the appellee from carrying it out on his part, and the damages so caused were asked for.

The gist of the action at all times was this breach and interference upon appellant's side; the principle thus declared in Hahl v. Deutsch, 42 Tex. Civ. App. 1, 94 S. W.·at page 446, cited in our former opinion, is directly applicable, the underscoring being our own:

"The thirteenth and fourteenth assignments present the contention that the judgment ought not to stand because the evidence shows that plaintiff did not complete the well according to the contract under which he claims. *The effective answer to these assignments is that the· respects in which he failed were due to the interference of defendant and his failure to supply· material which he had obligated himself to supply.* This being true and plaintiff having in· fact reamed out the well and put in the casing. either according to the terms of the modified· contract or else according to defendant's dictation, he is perhaps entitled to the full contract price per foot for the entire depth, but the court found for him only the 250 feet actually cased with 8-inch ·casing and allowed· him $2.25 per foot therefor, which the court found was the contract price. *As his compensation was rated by the foot in the contract, we do not think the plaintiff would be relegated to· his quantum meruit, but might recover ratably the contract price for the footage actually completed;* he having been prevented from completing the well by the acts and interference of defendant. On this theory the judgment is supported by the evidence."

Mitchell v. Boyce (Tex. Civ. App.) 120 S. W. 1016, is in effect to the same purport, because· in this instance all that appellee asked of appellant was to perform his part of the contract in furnishing the material, offering to· continue the work without any other or further cost to the latter.

[5] Under the quoted rule applicable here, not only does the view of the law applied by these authorities clearly justify this recovery, but the pleadings and evidence do likewise; every one of these assertions as to the· facts must be resolved the other way. In other words, there was evidence that appellee (1) only undertook to drill the wells in reliance upon appellant's reciprocal obligation to furnish him secondhand pipe reasonably suitable for the purpose, which he did not do, thereby preventing his own completion of the wells; (2) that he did not accept the pipe as suitable, but objected to it at the time, and only used it under protest; (3) that he was neither negligent in pulling up off the bottom and leaving the pipe standing in the hole from Saturday afternoon till Monday morning— that being the usual and customary practice· in handling such wells—nor in the manner of rotating his machinery thereafter in efforts to release the pipe.

The trial court must therefore be deemed to· have found accordingly.

These conclusions require the overruling of the motion; it has been so ordered.

Overruled.