## SHEPHERD et ux. v. WOODSON LUMBER CO.

### No. 1404.

Court of Civil Appeals of Texas. Waco.

June 29, 1933.

Seale & Seale, of Centerville, and M. L. Bennett, of Normangee, for plaintiffs in error.

Bowers & Bowers, of Caldwell, for defendants in error.

GALLAGHER, Chief Justice.

This suit was instituted by defendants in error, Woodson Lumber Company, a copartnership, against plaintiffs in error, M. A. Shepherd and wife, Mrs. Minnie Shepherd, to recover the balance due on two notes executed and delivered by said Shepherd to said lumber company, and to foreclose a mechanic's lien given by said Shepherd and wife to secure the same upon lots 1 and 2 in block 39 of the town of Normangee. The parties will be designated as in the trial court. The notes sued on were for the sum of $350 each. and were due, respectively, December 1, 1926, and December 1, 1927. On November 12, 1930, M. A. Shepherd, without the joinder of his wife, entered into a written contract with plaintiffs, in which the maturity of both of said notes was extended to November 1, 1931, and the validity of the lien securing the same was recognized and such lien extended. Certain credits on the first of said notes were admitted. Defendants alleged that the prop-

582

erty on which plaintiffs sought to foreclose their lien was the homestead of defendants both at the time of the execution of said lien and at the time of trial; that, prior to the execution of said notes and contract, plaintiffs and said Shepherd agreed that plaintiffs would employ him to construct certain lumber sheds, and would pay him not less than $350 nor more than $500 therefor; that said sheds were to be constructed in the fall of the year 1926, or as soon thereafter as plaintiffs might determine; that such agreement was a material inducement to enter into the mechanic's lien contract sued upon; and that but for such agreement they would not have done so. They further alleged that the amount to be paid defendant Shepherd for the construction of said sheds was to be approximately the same as the amount of said first note, and that such note was to be discharged by his labor, as contemplated by the terms of said agreement, and the remainder due him, if any, credited on the second note. They further alleged that plaintiffs failed to construct said sheds and failed to permit defendant Shepherd to discharge said first note by his labor, as they had agreed to do, and that the consideration for said note had failed.

The case was tried by the court without a jury and judgment rendered in favor of plaintiffs against defendants for the sum of $999 and for foreclosure of mechanic's lien on said lots to secure the same. Judgment was also rendered in favor of plaintiffs against defendants for the further sum of $99.90 as attorney's fees, but foreclosure of lien to secure the same was denied. The court incorporated in said judgment a specific finding that defendants were not entitled to any credit on the notes sued on "by reason of the alleged contemporaneous verbal agreement to build certain sheds and receive credit for the labor performed thereon by the defendant," and ordered and decreed that they take nothing on such plea.

### Opinion.

■■ Defendants present a proposition in which they complain of the action of the court in refusing to allow them a credit on the notes sued on herein because of the breach of an alleged contemporaneous agreement by plaintiffs to employ defendant Shepherd to construct said lumber sheds. Defendant Shepherd testified that J. R. Woodson, a member of plaintiff firm, agreed with him, in substance, that plaintiffs would furnish the lumber to build defendant's house, and that he might pay therefor by labor in constructing certain lumber sheds for them, and that he should take the matter up with Mr. Wright, their local manager; that he relied on said agreement, and was induced thereby to purchase from them the lumber to build his house and to execute and deliver to them

the notes and mechanic's lien contract sued on herein. He further testified that, about the time of the execution of said notes and lien contract, Mr. Wright submitted to him plans for the building of two lumber sheds, that he offered to do the work on the basis of 15 per cent. of the cost, or to work with his son thereon by the day, and that Mr. Wright said both propositions were about alike, and that it did not make any difference to him. Said sheds were never built. Defendant Shepherd testified that he was always ready and willing to build the same, and that he "could have made on that amount of work something like $600.00." Said Woodson testified at the trial and denied such agreement. He further testified that Shepherd merely asked him if they were going to build and that he told him that they would give him work if there was anything to do. He further testified that Shepherd had done all the carpenter work which the firm had to do, and had been frequently paid therefor in cash. Mr. Wright died before this controversy arose.

The finding of the court in the judgment as above recited was one of law. No specific findings of fact were made. The finding of the court in favor of plaintiffs being general, every issuable fact must be considered found in their favor if there is any evidence to support such a finding. In passing upon the sufficiency of the evidence to sustain each such finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention and considering only the facts and circumstances which tend to sustain such finding. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, pars. 2 and 3, and authorities there cited; Smith v. Patterson (Tex. Civ. App.) 294 S. W. 984, 986, par. 3; Schulte v. Republic Supply Co. (Tex. Civ. App.) 297 S. W. 667, par. 1; Wingart v. Baxter (Tex. Civ. App.) 30 S.W.(2d) 522, 526, par. 5, 531, par. 10; Brotherhood of Railroad Trainmen v. Smith (Tex. Civ. App.) 36 S.W.(2d) 771, 772, par. 2. The testimony with reference to the existence of such verbal contemporaneous agreement was sharply conflicting. Under the rule above announced, the trial court must be deemed to have found in favor of plaintiffs on such issue.

■■ The disposition of defendants' proposition under consideration need not, however, rest on such ground alone. There is neither pleading nor testimony charging that plaintiffs perpetrated any fraud upon the defendants in inducing them to purchase said lumber or in procuring the execution and delivery of the notes and mechanic's lien contract securing the same which were given in consideration of such purchase. Said writings constituted an unconditional promise to pay in money the amount specified therein. A contemporaneous parol agreement on the

part of plaintiffs that either or both said notes should be paid only in labor to be performed by Shepherd was in direct conflict with the terms thereof. Pertinent to the issue of law under consideration, we quote from Helmke v. Prasifka (Tex. Civ. App.) 17 S.W.(2d) 463, 465, par. 1 (writ refused), as follows:

· "Of course, there is a distinction between a parol condition affecting the delivery of a written obligation and one affecting its payment. This distinction is not always clearly apparent from the provisions of the condition. But, when the distinction is ascertainable, and is determined, the rules concerning its enforceability thus ascertained are clearly distinguishable. For a parol condition affecting the delivery of a written obligation is enforceable by virtue of our Negotiable Instruments Act (section 16, art. 5932), whereas a parol condition affecting the payment of a delivered written instrument is not enforceable if it operates to add to, take from, or vary, the terms of the written agreement. The latter rule is not affected by the statute, and is universally enforced. Chalk v. Daggett (Tex. Com. App.) 257 S. W. 228; Adams v. Johnson (Tex. Com. App.) 298 S. W. 265; Waters v. Byers Bros. & Co. (Tex. Civ. App.) 233 S. W. 572; Adams Nat. Bank v. Stone (Tex. Civ. App.) 284 S. W. 989; Crooker v. National Phonograph Co. (Tex. Civ. App.) 135 S. W. 647; Whiteman v. Bishop (Tex. Civ. App.) 289 S. W. 730."

█ The latter rule announced in the above-quoted excerpt is supported by the authorities cited therein, and also by the following: White, Ward & Erwin v. Hager, 112 Tex. 516, 522 et seq., 248 S. W. 319; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195, 199, par. 11, and authorities there cited; Swift v. Roach (Tex. Civ. App.) 266 S. W. 846, 848, par. 2, and authorities there cited; Denman v. Kaplan (Tex. Civ. App.) 205 S. W. 739, pars. 1 and 2; Leavell v. Seale (Tex. Civ. App.) 45 S. W. 171, par. 1; Bailey v. Rockwall County Nat. Bank (Tex. Civ. App.) 61 S. W. 530, par. 1; Lockney State Bank v. Damron (Tex. Civ. App.) 179 S. W. 552, 554, par. 3, and authorities there cited; Security Life Ins. Co. of America v. Allen (Tex. Civ. App.) 170 S. W. 131, 132, par. 1; Johnson v. Johnson (Tex. Com. App.) 14 S.W.(2d) 805, 806 et seq., pars. 1 to 3, inclusive; Shaw v. Lumpkin (Tex. Civ. App.) 241 S. W. 220, par. 1; Shaw v. Avant (Tex. Civ. App.) 23 S.W. (2d) 447, 448, par. 1; Republic Supply Co. v. Barrow (Tex. Civ. App.) 41 S.W.(2d) 475, 477, pars. 1 and 3. Defendants cite in support of their contention Watson v. Rice (Tex. Civ. App.) 166 S. W. 106, and Baines v. Kohler & Campbell (Tex. Civ. App.) 201 S. W. 735. Both of said cases involved a parol agreement connected with the delivery of · the notes sued on therein, and therefore come within the former of the two rules distinguished in the excerpt above quoted. The testimony in this case concerning such parol agreement was admitted over the objection of plaintiffs. The trial being before the court, he could, in passing upon the testimony as a whole and determining its force and effect, disregard incompetent testimony and base his judgment solely on the testimony he deemed competent. Said parol agreement being inadmissible to limit or vary the written obligation sued on, it was ineffective to require the court to abate plaintiffs' recovery on account thereof. Defendants' said proposition is overruled.

██ Defendants present a proposition in which they complain of the action of the court in awarding plaintiffs a foreclosure to secure the full amount of the purchase price of the lumber as evidenced by the notes and contract sued upon, less admitted payments thereon. Defendants pleaded that a part of the lumber for which said notes and contract were executed was furnished to them before the execution and delivery thereof, and that no lien existed to secure the purchase price of such lumber. Shepherd testified that, at the time the notes and contract were executed, lumber of the value of $217.50 had been delivered to him upon plaintiffs' yard, but not removed therefrom; that such delivery was made by just telling him that he could work there; that he had cut such lumber to proper dimensions for use in constructing his house prior to the execution of said instruments; that the entire bill of lumber was delivered to him at said yard; that such yard was situated about six blocks from the lots on which his house was erected. He further testified that prior to the transaction aforesaid there were no improvements on said lots. Woodson testified that none of the lumber had been placed on said lots for Shepherd at the time such instruments were executed.

Our mechanic's lien statutes provide that certain enumerated persons furnishing material or labor for the erection of a building shall have a lien thereon and on the lot or lots of land necessarily connected therewith to secure payment for such material or labor. R. S. art. 5452. Such statutes further provide that, when the improvement to be erected is upon a homestead, in order to secure such lien it shall be necessary, before such material is furnished or labor is performed, to enter into a written contract therefor with certain prescribed formalities. R. S. art. 5460. "Furnished," as used in said statutes, means to supply or provide for use in the building to be erected. Ballentine's Law Dictionary, p. 538. Plaintiffs, by the terms of the contract sued on, agreed to furnish the lumber, shingles, and other material necessary to build and erect a five-room bungalow, and defendants agreed to pay therefor

the sum of $700, as stipulated in the notes described in such contract. Clearly, the parties contemplated the sale and delivery by plaintiffs to defendants of the material stipulated. The issue under consideration is whether plaintiffs made such delivery in the sense so contemplated, prior to the execution of such instruments. Plaintiffs had permitted Shepherd to cut the lumber involved in this controversy to the required dimensions, but the same remained in their yard. Apparently they still retained actual or potential possession of the same. Shepherd testified that they had "delivered" the lumber to him, but, when asked *how* the same was delivered, he said the local manager "just told me I could work up there." He was an interested witness, and the weight to be given his testimony was for the trial court. Goodrich v. Pandem Oil Corporation (Tex. Com. App.) 48 S.W.(2d) 606; Thraves v. Hooser (Tex. Com. App.) 44 S.W.(2d) 916, par. 4; Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447, par. 5; Houston, E. & W. T. Ry. Co. v. Runnels, 92 Tex. 305, 307, 47 S. W. 971; Sigmond Rothchild Co. v. Moore (Tex. Com. App.) 37 S.W.(2d) 121; Stone v. City of Wylie (Tex. Com. App.) 34 S.W.(2d) 842, par. 6; Farm & Home Savings & Loan Ass'n v. Muhl (Tex. Civ. App.) 37 S.W.(2d) 316 (writ refused); Mitchell v. Federal Mortgage Co. (Tex. Civ. App.) 45 S.W.(2d) 649; Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276, 279, and cases there cited. In deference to the judgment against defendants, we are required to presume that the court found from the testimony that there had not been such a delivery of such lumber by plaintiffs to defendants as to prevent their refusal to permit its removal from their yards for use in defendants' building until payment had been made therefor or secured by the notes and contract sued on. Hines v. Kansas City Life Ins. Co., supra. After the execution of said instruments, plaintiffs permitted said lumber to be removed from their yards, placed upon defendants' lots, and actually used in erecting the building thereon. Whether such lumber was hauled from the yard and delivered on said lots by plaintiffs or defendants is not disclosed by the testimony. In the case of Lyon & Gribble v. Ozee, 66 Tex. 95, 17 S. W. 405, cited and relied on by defendants, the indebtedness for the purchase price of material was evidenced by notes executed and delivered long after the house was finished and actually occupied as a home. It does not appear that any written contract for furnishing such material was ever made. In the case of Walker v. House (Tex. Civ. App.) 24 S. W. 82, also cited and relied on by them, the court held that, while no lien could be enforced for material furnished for the erection of a home before the contract therefor was executed, a lien could be enforced for all material furnished thereafter in accordance with its terms. The only remaining case cited by defendants is Colleps v. George W. Smith Lumber Co. (Tex. Civ. App.) 185 S. W. 1043. In that case the improvements were upon a homestead, there was no written contract, and of course no valid lien. Defendants' complaint of the action of the court in awarding plaintiffs a foreclosure for the price of said lumber is overruled.

Defendants present a proposition in which they complain of the action of the court in awarding the plaintiffs a foreclosure for the balance due on the first note. Their specific contention is that said first note at the time of the institution of this suit was barred by limitation, and that there had been no valid extension effective to preserve the lien securing the same. Said first note became due December 1, 1926, and the second note December 1, 1927. Both of the same were secured by the same mechanic's lien contract. On November 12, 1930, before either of said notes was more than four years past due, plaintiffs and defendant Shepherd entered into a written contract for the extension of the time of payment of both said notes and the lien securing the same until November 1, 1931. Mrs. Shepherd was not a party to that agreement. This suit was instituted November 24, 1931. The statute provides that, where a series of notes, secured by a lien, has been given, limitation against an action to foreclose the same shall not begin to run until the maturity date of the last note of such series. R. S. art. 5520, as amended by chapter 136, § 2, General Laws (42d Leg.) 1931 (Vernon's Ann. Civ. St. art. 5520); Citizens' National Bank of Hillsboro v. Graham, 117 Tex. 357 et seq. This suit was instituted within four years after the original maturity of the second note, and, under the statute, the enforcement of the first note and the lien securing the same was not at the time of such institution barred by any statute of limitation. It is therefore unnecessary to determine whether the extension of said lien by the husband alone was effective to preserve the same and authorize its enforcement to secure the payment of the first note. Said proposition is overruled.

The judgment of the trial court is affirmed.